## SHORE v. BOARD OF EDUCATION OF TOWN OF CRESCENT et al.

No. 14787—Opinion Filed Feb. 19, 1924.

1. **Quo Warranto—Injunction—Testing Legal Organization of School District.**

After a municipal corporation, such as a union graded school district, has been organized, an information in the nature of quo warranto is the proper remedy to determine the questions of the legal existence or the validity of the organization, and the courts are without power to do so by injunction or to restrain existing officers from exercising their proper functions.

2. **Schools and School Districts—Legality of Formation—Collateral Attack.**

If there is no law authorizing de jure corporations of the character sought to be organized, a de facto corporation cannot exist, but if corporations of the nature attempted to be organized are recognized by the general system of law of the state, or if there is a law under which such corporation might be organized, even though the specific act under which the organization proceeded is not strictly applicable, such corporation would exist as a de facto corporation, and its validity or the validity of its organization cannot be collaterally attacked.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by S. E. Shore against the Board of Education of the Town of Crescent et al. From a judgment for the defendants, plaintiff appeals. Affirmed.

C. G. Horner, for plaintiff in error.

John Adams and Dale & Bierer, for defendants in error.

George F. Short, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for the State.

Opinion by PINKHAM, C. This action was commenced in the district court of Logan county by S. E. Shore, as plaintiff, against the Board of Education of the town of Crescent, and others, to enjoin the defendants and all other persons from issuing certain bonds and from negotiating and selling the same or from doing any act that would injure plaintiff in the premises or be a charge and burden on his property or cloud the title thereof.

The petition alleged, among other things, that the plaintiff was and is now the owner of certain real estate described in said petition located in said county, and also in what was formerly school district No. 9 in said county; that he was a tax payer and legal voter in the precinct where his said land lies and where plaintiff lives; that at all the times referred to in said petition the town of Crescent in said county was and now is an independent school district under the laws of this state; that prior to the month of June, 1920, said town of Crescent desired to attach additional territory to the independent district of Crescent for school purposes, and desired for said purpose to take in school districts No. 9 and No. 10; that at the same time said town of Crescent and persons residing therein caused petitions to be circulated in said districts 9 and 10 under the provisions of the school law of the state relating to union graded school districts, and asking that an election be called for the purpose of voting on the proposition to form a union graded school district; that plaintiff did not sign said petitions; that the town of Crescent, having more voters than district 9 and 10, outvoted said districts, and as a result it was declared that said election had carried, and that a union graded school district, being union graded school district No. 1, was formed out of said three districts; that said election was held on or about the — day of June, 1920, and that at said election Charles Graff was declared elected clerk, Ira Culp, director, and Claude Mize, member of the board of directors of said pretended union graded school district, and that since said time it is and has been pretended that there was a legally constituted and organized union graded school district composed of said three districts; that in the month of January, 1923, the independent district of the town of Crescent aforesaid desired to build a new high school building in said town, and for said purpose desired to issue bonds which would be a charge upon the property of tax payers in said town of Crescent, and also in said county districts 9 and 10, in the sum of $45,500; that notices were posted calling an election at the central school house in said

town of Crescent; that said election was held on January 29, 1923, and that at the close of said election it was declared that said election was carried; that subsequent thereto bonds in the sum of $45,500 were prepared and signed in such a way as to make it appear that they were bonds against the property in the two said country districts as well as in said town of Crescent; that said bonds purport to be for the purpose of erecting and furnishing a school building in said independent district in the town of Crescent; that on or about the — day of February, 1923, said bonds and the proceedings under which they purported to be issued were submitted to the Attorney General, as ex-officio bond commissioner of the state of Oklahoma, and that the said Attorney General, as ex-officio bond commissioner, approved the said bond issue.

The plaintiff further alleges in his petition that the town of Crescent being and constituting an independent school district at the time when said election to form a union graded school district as aforesaid was held in the year 1920, there was no authority of law for said town of Crescent to be or constitute a part of a union graded school district and no authority of law for attaching territory thereto for school purposes by an election and that the election held as aforesaid for said purpose was and is unlawful and of no effect; that no union graded school district was formed as a result of said election; that the said pretended union graded school district No. 1 was never legally incorporated as a municipal corporation, and that it has no legal existence as such; that the said bond issue was and is without authority of law, and is illegal and void, and of no effect: that the plaintiff has applied to the Attorney General and county attorney of Logan county to bring suit in the nature of quo warranto or other proper action to try the questions involved herein but that they have refused to bring any action whatever in the name of the state for said purpose.

The Attorney General filed a motion to dismiss as to him for the reason that he was not a necessary party to the litigation, which motion was by the court sustained.

The other defendants filed a demurrer to the petition upon the grounds: First, that plaintiff has no capacity to maintain an action against said defendants or any of them of the character set forth in plaintiff's petition against said defendants; second, because the petition fails to state a cause of action in favor of the plaintiff and against said defendants or any of them.

The demurrer was argued to the court and upon due consideration was sustained and judgment rendered in favor of the defendants.

To the rulings and judgment of the court the plaintiff duly excepted and said exceptions were allowed. Thereupon, plaintiff duly appealed to this court by transcript.

The errors assigned by plaintiff may be reduced to the proposition that the court erred in sustaining the defendants' demurrer to the plaintiff's petition.

It clearly appears from the averments of the petition that the suit is one for injunction against the school board of union graded school district No. 1, to enjoin them from issuing bonds in the sum of $45,500, which had been voted by said district January 29, 1923, and had been approved by the Attorney General, as ex-officio bond commissioner of the state, on February 21, 1923, on the ground only that the union graded school district was not properly incorporated, and therefore a void corporation.

The bonds were not attacked on any other ground such as that the bonds were not properly voted or that the bonds would create an indebtedness in the district in excess of five per cent. of the assessed valuation of the district.

The argument is that the bonds are void because the school district attempting to issue them is not a legal entity, and that these officers represent a void corporation, and are attempting to place an illegal burden and tax upon the plaintiff's property.

The effect of plaintiff's petition was to raise in a collateral proceeding the question of the existence in law of the corporation "union graded school district No. 1", its existence in fact being admitted.

The decisive question in the case, as we view it, is: Could the plaintiff, in his individual capacity, institute this proceeding or should it have been by information in the nature of quo warranto in the name of the state?

In the case of City of El Paso v. Ruchman, 92 Tex. 89, it is said in the opinion:

"The rule is well established that when the creation of a public corporation, municipal or quasi-municipal, is authorized and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the court in a

collateral proceeding. The validity of the incorporation can only be determined in a suit brought for that purpose in the name of the state or by some individual under the authority of the state who has a special interest which is affected by the existence of the corporation. Graham v. City of Greenville, 67 Tex. 62, and authorities there cited. * * * In the case of Graham v. City of Greenville, cited above, Chief Justice Willie, speaking for the court, says: 'But admitting that the vote was taken in a manner not sanctioned by the Constitution and laws, it was but an irregularity which did not render the action of the council void and ordinances passed in reference to the annexed territory of no effect. If a municipality has been irregularly constituted, the state alone can take advantage of the fact in a proper proceeding instituted for the purpose of testing the validity of its charter. When the question arises collaterally, says Mr. Cooley: 'The courts will not permit its corporate character to be questioned if it appear to be acting under color of law, and recognized by the state as such. And this though the manner of the incorporation prescribed by the Constitution had not been followed.' "

The rule has been announced by this court that after a municipal corporation has been organized quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization, and that the courts are without power to do so by injunction or to restrain officers from exercising their proper function. Griffin v. Thomas, 86 Okla. 70, 206 Pac. 604, and cases there cited

In Griffin v. Thomas, supra, the petition, which is quoted at length in the opinion, is similar to the petition in the instant case.

It was alleged that paintiff was a tax payer in one of the districts which had been formed into the union graded district, and that they were threatening to levy a tax upon him to maintain the pretended union graded school district. He further alleged that Senate Bill No. 150, which is chapter 252, Session Laws 1917, section 1, relating to the formation of union graded school districts, was unconstitutional and void.

This is the same law under which union graded school district No. 1, of Crescent, defendant in this case, was organized in 1920.

In the opinion in the above case it is said:

"An analysis of the authorities pro and con convinces us that the true rule is that where there is no law whatever authorizing de jure corporations of the character sought to be organized, or where the only law authorizing the organization of such corporations, is unconstitutional, a de facto corporation cannot exist, but if corporations of the nature attempted to be organized are recognized by the general system of law of the state, or if a law remains under which such corporation might be organized, even though the specific act under which the organization proceeded is unconstitutional, yet such corporation would exist as a de facto corporation, and its existence or the validity of its organization cannot be collaterally attacked, but its existence or the validity of its organization can only be impeached by a direct attack in proceedings in the nature of quo warranto to oust it from the exercise of corporate powers and privileges. * * *

"We conclude that the union graded school district involved is a de facto district and that its existence or the validity of its oragnization cannot be questioned by injunction, as is attempted in this case."

In the case of Fowler v. Park, 79 Okla. 1, 190 Pac. 668, the plaintiff alleged in his petition, just as the plaintiff alleges in the case at bar, that he was an elector and tax payer of district No. 113, which was one of the districts of Pottawatomie county which had been consolidated with two other districts, No. 22 and No. 25, and a new consolidated district formed, and the three old districts declared disorganized by the county superintendent after an election for that purpose.

He also alleged that the consolidated district comprised less than 25 square miles, which was the statutory minimum for consolidated districts, and had an existing valuation of less than $500,000, which was the statutory minimum of the assessed valuation of any consolidated district and it was therefore alleged and claimed that the county superintendent was without jurisdiction to call the election and that all proceedings thereunder were void.

The petition prayed that the superintendent be enjoined from taking any further proceedings to carry out the consolidation of said three districts, and that the members of said school board in said school district be enjoined from performing their functions as officers of said district.

The trial court overruled a demurrer to this petition, and after an answer was filed the case was tried by the court and judgment rendered declaring the order of the county superintendent in disorganizing the three common school districts void, and also declaring the order organizing the consolidated district void, and enjoining the directors of the consolidated district from acting as directors of said district.

In reversing the judgment of the lower court Mr. Justice McNeill reviews the authorities and states in the opinion:

"The only relief sought by the amended and supplemental petition was to test and determine the validity of the organization of the consolidated school district. Following the cases heretofore cited the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and the demurrer to the amended and supplemental petition should have been sustained."

In the Fowler-Park Case, supra, the only purpose was to test the validity of the consolidation of the consolidated district, and the sole purpose in the instant case is to test the validity of the organization of the union graded school district No. 1, defendant herein.

In the very able brief of counsel for plaintiff the various articles of the general school law are referred to and analyzed, and it is pointed out that article 6 of the act (1913 Session Laws, page 487) is entitled "Independent Districts—Cities and Towns"; that article 8 is entitled "Union Graded Schools"; and that a comparison of these two articles will show that their provisions are so inconsistent that they cannot be harmonized. In other words, that it is impossible for a school district to operate under both articles, and that it is entirely apparent that the school law does not contemplate that a city or town constituting an independent school district may combine with a country school district to form a union graded school district.

The argument is that in view of these pro visions of the act there is no law under which the town of Crescent, being an independent school district, could be part of a union graded school district and the conclusion is drawn that as it is impossible for the "pretended organization" to be a corporation de jure, it is therefore impossible for it to be a corporation de facto.

It is clear however, that union graded schools are recognized, and their organization sanctioned and provided for in the school laws of the state, and that such organizations have been authorized since 1895 (Session Laws 1895).

The rule announced by the decisions of our own court and of other states on this question may be said to be that if there is no law authorizing de jure corporations, a de facto corporation cannot exist, but if corporations of the nature attempted to be organized are recognized by the general system of law of the state, or if there is a law under which such corporation might be organized, even though the specific act under which the organization proceeded is not strictly applicable, such corporation would exist as a de facto corporation, and its existence or the validity of its organization cannot be collaterally attacked.

It cannot, we think, be said that the failure of the Attorney General or of the county attorney of Logan county to bring suit, in the nature of quo warranto or other proper action to try the question involved herein upon the request of plaintiff as alleged in his petition, operated as a matter of law to entitle a private individual and tax payer to question in a collateral proceeding the due incorporation of the defendant union graded school district.

Section 1 of chapter 252, of the Laws of 1917 (10484, Comp. Stat. 1921), under which union graded school district No. 1 of Crescent was formed, provides in part that:

"A special meeting of the qualified voters of two or more adjacent school districts for the purpose of voting on the proposition of forming a Union Graded School District, shall be called by the county superintendent of public instruction upon presentation to him of a petition signed by one-third of the legal voters of each district proposed to be incorporated in the union graded school district. * * *

"The special meeting shall be called to meet at some convenient place to be designated by the county superintendent in one of the districts proposing to form the union graded school district * * * They shall at that meeting and at the time of casting their ballots for or against the proposition of establishing a union graded school district vote for a director, a clerk and a member, who shall have charge of all the schools in the union graded school district. The clerk of said special meeting shall report to the county superintendent the result of said special meeting, and if the organization of the proposed union graded school district was authorized by majority vote of the legal voters at the said special meeting the county superintendent shall declare the union graded district duly formed and the original districts comprising the union graded school district disorganized, and he shall notify the members of the board of the union graded school district to qualify."

It thus clearly appears that there was a law under which the union graded school district in the instant case could legally be organized, and that in view of the well-established rule applicable to the facts pleaded in the petition the question of the due incorporation of the defendant union graded school district could not be raised in the proceedings instituted by a private individual.

The trial court did not err in sustaining the demurrer of the defendants to the petition of the plaintiff. We think the judgment of the lower court should be affirmed.

By the Court: It is so ordered.