**PARTRIDGE, Co. Atty., v. SHORE.**

No. 16245—Opinion Filed April 6, 1926.

Rehearing Denied May 11, 1926.

1. **Quo Warranto—Legality of School District—Discretion of County Attorney as to Instituting Action.**

Where a taxpayer in a union graded school district requests the county attorney of the county in which the district is located to institute proceedings in the nature of quo warranto to question the legal existence of the district, alleged to have been illegally organized, the county attorney has a discretion to exercise, first, in determining whether the law and facts authorize such action, and, second, whether a sound public

policy would justify him in disrupting the district.

## 2. Mandamus—Writ Not Issued to Control Official Discretion.

In such cases, where the county attorney has denied such request, mandamus will not lie to compel him to institute the action or to permit the use of his name as county attorney for that purpose.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Logan County; Charles C. Smith, Judge.

Mandamus proceedings by Samuel E. Shore against George W. Partridge, County Attorney of Logan County, to compel him to institute proceedings in the nature of quo warranto to question the validity of the organization of Union Graded School District No. 1 of Logan County. Judgment for plaintiff, and defendant appeals. Reversed, with directions to dismiss the action.

Dale & Bierer and John Adams, for plaintiff in error.

C. G. Horner, for defendant in error.

Opinion by RAY, C. At an election held in June, 1920, the voters of school districts Nos. 9, 10 and 13, in Logan county, voted to create a union graded school district, composed of the three districts, and June 11, 1920, pursuant to an election held for that purpose, the county superintendent of public instruction made an order formally declaring the three districts disorganized, and the union graded school district No. 1, composed of the three named districts, duly organized. August 17, 1920, suit was commenced in the district court of Logan county by certain resident taxpayers of districts Nos. 9 and 10, for the purpose of enjoining the persons claiming to be officers of the union graded school district from acting as such officers, on the ground of irregularities in the election. A demurrer was sustained to the petition, and the suit was dismissed without prejudice. In August, 1921, the then acting county attorney of Logan county consented to the use of his name as county attorney in bringing a quo warranto action to question the validity of its organization. The petition contained practically the same allegations as the petition in the injunction suit previously dismissed. A demurrer was sustained to that petition upon the ground that the irregularities complained of would not defeat the election, and, upon the further ground, that an appeal could have been taken to the county commissioners upon the declared result of the election, which was not done. At an election held in January, 1923, a bond issue in the sum of $45,500 was voted for building a schoolhouse in the town of Crescent for the union graded school district. When the bonds were presented to the Attorney General for approval, a hearing was had at which time those opposed to the bond issue, with their attorney, and those in favor of the bond issue, with their attorney, and the bond brokers, who were handling the bond issue, were present. At that hearing the attorney for those opposed to the bond issue, and who had appeared in opposition to the union graded school district in all the proceedings above referred to, first learned that district No. 13 was an independent school district. He then urged that as a ground for disapproval of the bonds. The Attorney General overruled the objections and approved the bonds. March 22, 1923, with the consent of the county attorney of Logan county, a suit in the nature of quo warranto was filed in the district court of Logan county for the purpose of dissolving the union graded school district, upon the ground that an independent school district could not lawfully be included in a union graded school district. On the following day the county attorney dismissed the action. Thereafter Samuel E. Shore commenced suit to enjoin the issue of the bonds upon the ground that the union graded school district had no legal existence as a municipal corporation. A demurrer was sustained to that petition, and on appeal the judgment was affirmed. Shore v. Board of Education of the Town of Crescent, 97 Okla. 273, 223 Pac. 867.

Counsel for those opposed to the creation of the union graded school district and the issuance of bonds then requested the Governor, the Attorney General, and the county attorney, each in turn, to cause proceedings to be instituted in the name of the state for the dissolution of the district, and, upon their refusal, plaintiff, Samuel E. Shore, commenced this mandamus proceeding to compel the county attorney to proceed against all parties acting as officers of the union graded school district for the purpose of having the union graded school district adjudged to have no rightful existence in law, and therefore void.

The county attorney, by his answer, admitted that district No. 13, included within the union graded school district, was an independent school district, and that in March, 1923, he commenced an action at the request of the plaintiff, Shore, who verified the petition, to test the incorporation of the union graded school district, but, at the time of bringing suit, he was not fully in-

formed on all the facts involved, but, when he learned that the union graded school district had been levying taxes, hiring teachers, and running the school for almost three years immediately prior thereto, he was of the opinion that it was not to the best interest of the people of the union graded school district that its organization and incorporation should be questioned, and therefore dismissed the action; that he had again been requested by the plaintiff, Shore, to commence such an action, but that, in considering the question, with the knowledge that union graded school district No. 1 had been in operation as a union graded school district since June 11, 1920, had made four different annual levies for school purposes, and had, for four years, conducted the schools, hired and employed teachers, and had voted bonds in the spring of 1923 to the amount of $45,500 for the purpose of constructing a new school building for the union graded school district, and the bonds had been approved by the Attorney General of the state, and the building was then erected out of the proceeds of the bond issue, he considered and believed and still believed that to question the due incorporation of the district, after such lapse of time, would result in great confusion and disorder, and that it would not be for the best interest of the people of the district to question its due incorporation; that he also knew that the Attorney General of the state had been requested since February, 1924, to bring an action in the nature of quo warranto against the union graded school district for a dissolution, and he refused to bring such action; that the Attorney General, acting on behalf of the state, in approving the bond issue, had recognized the legal existence of the said union graded school district No. 1, and that such action was tantamount to its approval of due incorporation; that after considering all of these facts, he refused to bring any action at the request of the plaintiff, questioning the legality of the organization of the district, for the reason that he considered it right and appropriate not to disturb the district after such lapse of time. Judgment was for the plaintiff, directing defendant, George W. Partridge, county attorney of Logan county, to institute an action in the nature of quo warranto in the name of the state, to test the question of the due incorporation of the union graded school district. From that judgment the county attorney has appealed.

The question first for decision is whether, in these circumstances, mandamus will lie.

Before a writ of mandamus may issue the plaintiff must show a legal right to have the act done which he seeks to compel the defendant to do; that it is the plain duty of the defendant to perform such act, and that he is without discretion to perform or refuse to perform it. Stearns v. State ex rel., 23 Okla. 469, 100 Pac. 909. It may not issue to control an executive officer in the discharge of those duties which involve the exercise of judgment and discretion in the construction of law, or in determining the existence and effect of the facts. Champlin v. Carter, 78 Okla. 300, 190 Pac. 679. The plaintiff must show a clear legal right to the writ or it will be denied. Strother v. Bolen, 72 Okla. 310, 181 Pac. 299.

In this case the county attorney had a discretion to exercise in determining, first, whether the law and the facts authorized such action, and, second, whether a sound public policy would justify him in disrupting the school district after it had been in operation for a term of years, even though, in his judgment, an action could be successfully maintained, and, we think he wisely exercised that discretion. The union graded school district had been in existence, with the school in operation, teachers employed and taxes levied, for nearly four years. Bonds had been voted and approved by the Attorney General, sold, and the school building was being constructed with the proceeds of the sale of the bonds. The only ground upon which the county attorney was requested to question the validity of the union graded school district was that it included in its formation an independent school district not authorized by law, and the only purpose of the contemplated action was to relieve the plaintiff and others similarly situated from the burden of the necessary taxation to support and maintain the school.

In answer to counsel's able, exhaustive, interesting, and instructive argument, based upon constitutional provisions that the courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation, it is sufficient to say that such right may be waived by the parties by failure to exercise the right in the manner and within the time provided by law. It cannot be said to have been any fault of the county attorney that parties opposed to the organization of union graded school No. 1 failed, for a period of nearly three years, to disclose to counsel representing them that district No. 13 embraced within the union graded school district No. 1 was an independent school district. It would be difficult to foresee the confusion that would arise in the conduct of the public schools

of the state, if every private individual, who believed the district in which he resided had been illegally organized, could, for the purpose of saving himself from taxation, compel the county attorney, or the Attorney General, to question the legality of its organization.

Some complaint is made that the county attorney, in dismissing the first action, and in refusing to institute the second, was probably actuated by motives of political expediency, but that is not material here. It is sufficient to say that he had a discretion to exercise, and the court cannot by mandamus direct or control the exercise of that discretion.

The judgment is reversed, with directions to dismiss the action.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 1433. (2) 38 C. J. p. 623 § 111.