## ROBINSON et al. v. THORPE et al.

No. 21667.  Opinion Filed Jan. 27, 1931.

R. L. Rowsley, Shirley Rogers, and S. A. Horton, for plaintiffs in error.

George F. Short, C. W. King, and Hughes & Dickson, for defendants in error.

McNEILL, J.  This is an appeal from the judgment of the district court of Texas county, state of Oklahoma, denying an injunction in an action instituted August 22, 1930, by the plaintiffs, R. L. Robinson, J. G. Etter, and O. M. McBride, plaintiffs in error, as taxpayers, against the defendants. Joe H. Thorpe, S. S. Sullivan, and W. D. Waldrop, officers of consolidated school district No. 15 of Texas county, Okla., defendants in error.  Plaintiffs sought to enjoin and restrain said defendants as officers of said consolidated school district from selling, executing, signing, and delivering certain school bonds in the sum of $36,000, chargeable against said district, and also to enjoin said officers from proceeding with the construction of a consolidated school building for said district located at Hardesty, Okla.

It appears from the pleadings that plaintiffs are residents, taxpayers, and qualified legal voters of said consolidated school district; that said defendants are purported officers of said consolidated school district and are performing the duties and exercising the functions of director, clerk, and member of said consolidated district.

Plaintiffs' contention is set forth in two causes of action.  In their first cause of action, plaintiffs allege that on or about the 24th day of March, 1930, a bond election was held in said district wherein bonds for the building and equipping of said schoolhouse to be erected at Hardesty, Okla., were voted in the amount of $36,000, that the last preceding assessment of all school districts taken into the said consolidated district No. 15, of said county, was in the amount of $725,343; that the school district No. 17, being one of the school districts taken into said consolidated school district, just prior to the bond election, had an outstanding bonded indebtedness in the sum of $2,000; that there was not sufficient money on hand or in the sinking funds in that special district to mature, balance, or offset the outstanding indebtedness for said district No. 17; that on this account the indebtedness of said consolidated district would exceed the constitutional limit of 5 per cent. of the assessed valuation, and that by reason thereof same is contrary to and in violation of the Constitution and laws of the state of Oklahoma.

Plaintiffs further allege in said cause of action that the defendants, as officers, advertised the sale of said bonds, sold the same on or about the 14th day of April, 1930, and threatened to sign and deliver the same to the purchaser who bid them in at said sale; that, if said bonds are executed and delivered, an added tax burden will be placed on the plaintiffs as well as the land and property of plaintiffs, working great and irreparable injury to plaintiffs; that said acts, if permitted, will be wholly illegal and contrary to law, and that plaintiffs have no adequate remedy at law.

Plaintiffs in their second cause of action allege that said defendants threaten to use the money realized from the sale of said bonds to build and construct a schoolhouse at Hardesty, Okla.; that this, when constructed, will be the only school operating in said school district No. 15; that said defendants will be compelled by law to operate busses for the hauling of school children from all parts of said consolidated school district No. 15 to Hardesty, Okla.; that said school district No. 15 covers 140 square sections of land; that there are points, farms, and patrons located from 12 to 14 miles from said prospective site by the most direct route; that the busses will travel from 20 to 25 miles each way in the transfer of said children; that this transfer of children by busses over the routes which the busses will be required to travel will be harmful and detrimental to the health and well being of said children, subjecting them

to severe exposure during the winter months; that this will create irreparable damage to these plaintiffs in that it will place additional burdens of taxation upon the plaintiffs; that there are at the present time modern and adequate school buildings located at six suitable sites in said district completely equipped for all school purposes.

That the Attorney General, acting as Ex-Officio Bond Commissioner of the state of Oklahoma, has approved said bonds, and plaintiffs pray for judgment against said defendants in said second cause of action to perpetually enjoin and restrain said defendants, as officers of said consolidated school district No. 15, from executing, delivering, and signing said school bonds, and from constructing said school building at Hardesty, or at any other place within said district. To this petition defendants filed answer by way of a general denial.

The plaintiffs introduced evidence on their first cause of action as to the assessed valuation of the consolidated school district and concerning the cash balance in the sinking fund of district No. 17. The defendants offered no testimony. It was admitted at the trial that the valuation of the several districts composing consolidated district No. 15 was $725,343, as alleged in plaintiffs' petition. The evidence was uncontroverted that there was an indebtedness of $2,000 in the old district No. 17, consolidated with said district No. 15, and that there was a cash balance in the sinking fund of said district No. 17 of $2,058.71 at the time the bonds were approved by the Attorney General. This cash balance more than offsets the $2,000 indebtedness, leaving a suplus of $58.71, and, with this surplus, the bond issue of said consolidated school district does not place the indebtedness beyond the 5 per cent. constitutional limitation. This entirely eliminates plaintiffs' ground for relief on plaintiffs' first cause of action.

As to plaintiffs' second cause of action, no evidence was introduced. The court sustained a demurrer to the evidence, and plaintiffs declined to plead further, and thereupon the court dismissed the same, to which action of the court plaintiffs excepted, elected to stand upon the same and prosecute this appeal.

The question presented for determination in this court is whether or not the allegations of plaintiffs' second cause of action, admitted as true, constitute ground for relief against the executing and delivering the bonds in question. On this proposition neither side has presented to the court, in their brief, any authorities.

There is no dispute as to the area of the proposed district in said consolidated school district No. 15, and as to routes and distances the busses will be required to travel in the transportation of the children of said district. It is admitted that the school district now has six schools equipped and provided for the education of the children in this district, and that in some instances some of the children might be required to travel 50 miles a day in going to and from school. The qualified electors of this consolidated school district had all of these questions before them when they voted on this bond election. The majority of the qualified electors of this district voted for the consolidation of this large district and for the issuance of the bonds in question for the purpose of building and maintaining the proposed school building for the education of the children in this district. They deemed such action especially favorable to the people of their community and elected to stand the burden of maintenance. No irregularity, fraud, unlawful acts, oppression, or corruption has been charged in this cause of action.

In view of the foregoing, we examine the Constitution of the state of Oklahoma and certain sections of our statutes.

Section 1, article 13, of the Constitution of Oklahoma provides:

"Free Public Schools. The Legislature shall establish and maintain a system of free public schools wherein all the children of the state may be educated."

Section 10462, C. O. S. 1921, provides, in part:

"* * * Provided, further, that any school district having the required area of not less than 25 square miles and an assessed valuation of not less than $200,000 shall be permitted to organize in a consolidated district to secure the benefits of all the provisions of this act."

A portion of chapter 55, Session Laws 1929, provides:

"Provided, further, that all independent school district or districts in which county high schools are maintained having the area, population and assessed valuation equal to that required of consolidated school districts as provided by law, shall have the authority to provide transportation for pupils, as provided by law; provided, further, that the school board may provide motor transportation for pupils as provided in this act, which may be either hired or purchased by the school board of said consolidated district."

An examination of these sections shows that the Legislature is required by our Con-

stitution to provide a school system whereby the children of the state may receive an education. These various school districts, which have been provided by law, are organized solely for the public benefit. These school districts possess such authority as has been conferred by the Legislature to be exercised within the limitations and mode provided by the statutes. The providing of an education is purely a legislative function. The defining of the area of the district as well as defining the boundaries of the district is of legislative origin. The statutes of our state place no limits as to the maximum area of any proposed consolidated district, but do fix as a minimum an area "of not less than 25 square miles," providing said school district desires to secure the benefits of the provisions of the laws enacted in behalf of the free public schools. The Legislature has not seen fit to prescribe a maximum area for consolidated school districts in the exercise of the functions of the government, but has left this question for determination to the wisdom and discretion of the electors in any proposed consolidated school district. The voters of this consolidated school district have expressed their opinion on the area to be included in this district. They have selected an area of 140 square sections of land for this proposed district and desire to erect a consolidated school building, centrally located thereon, for the purpose of providing educational facilities for the children of this district. This was their privilege to so proceed under the law and to assume the burdens thereunder. It is a matter of public concern, and the defendants are endeavoring to proceed in this matter in a regular and lawful manner. This district may or may not be too large to be practical for a consolidated school district. However, it is not an unreasonable exercise of authority on the part of the board and officers in proceeding with this educational plan. In view of the absence of any showing of a plain violation of law, unlawful acts, fraud, gross injustice, oppression, or corruption in this case, this court will not interfere, and the officers of this consolidated school district should be permitted to proceed to carry out the clear mandate of the people of this district. The relief prayed for is denied.

For the reasons herein stated, the judgment of the trial court is hereby affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and LANGLEY, JJ., concur.