## SUGART et al. v. THORPE et al.

No. 21668. Opinion Filed Jan. 27, 1931.

R. L. Howsley, Shirley Rogers, and S. A. Horton, for plaintiffs in error.

George F. Short, C. W. King, and Hughes & Dickson, for defendants in error.

McNEILL, J. This is a companion case to Robinson et al. v. Thorpe et al., No. 21667 147 Okla. 150, 295 Pac. 603, and involves an appeal from the judgment of the district court of Texas county, state of Oklahoma, rendered against the interveners, L. O. Sugart, A. G. Smith, and O. M. McBride, plaintiffs in error, and in favor of the defendants, Joe H. Thorpe et al., purporting to be officers of so-called consolidated school district No. 15 of Texas county, Okla., defendants in error. The action is in the nature of quo warranto and grows out of the election and the proceedings for the consolidation of school districts Nos. 13, 15, 17, 31, 116, and 131, respectively, all in Texas county, into consolidated district No. 15. Said interveners obtained leave of the trial court to file their petition of intervention, and said interveners attack the same bond issue on substantially the same grounds as set forth in said cause No. 21667. In addition to the foregoing allegations, said interveners seek to have the organization of the district declared illegal, alleging that there was not sufficient percentage of the qualified voters residing in the respective districts who signed the petition to render the election legal; that a number of the signatures were not signed by the parties themselves, but by

others for them; that intimidations, threats, and duress were used to influence the voters to sign the petition, and that the election was therefore illegal and void.

The county attorney instituted the original proceeding in this cause by filing a petition in which the state of Oklahoma, on relation of Geo. M. Frittz, county attorney of Texas county, Okla., was plaintiff. The petition of the interveners contains almost the identical allegations filed by the county attorney. The defendant, school district, filed a demurrer to plaintiffs' petition, and the county attorney confessed said demurrer, and thereupon his petition on relation of the state of Oklahoma was dismissed with prejudice. Following this action, defendants filed a motion to strike from the files the petition of intervention, alleging five grounds upon which said petition of intervention should be stricken:

"1. That said pretended petition of intervention was filed without notice to these defendants.

"2. That the allegations, statements and averments contained in said so-called petition of intervention are insufficient in law to authorize the said parties to intervene in this cause.

"3. That this action was personally instituted by George M. Frittz, county attorney of Texas county, Okla., on relation of the state of Oklahoma.

"4. That the action so filed is and was such a one as could be filed and prosecuted only by the state of Oklahoma.

"5. That after said action was filed these defendants tendered a demurrer to the plaintiff's petition, which demurrer was sustained by this court and plaintiff declined to plead further and judgment was duly entered herein dismissing said cause with prejudice, and said cause was thereby finally disposed of on the 26th day of August, 1930, and before any notice of intervention was served upon these defendants."

The interveners, through their counsel, offered to produce evidence showing that prior to the date of filing the action on behalf of the county attorney, the attorney for said interveners conferred with the Attorney General of the state; that the Attorney General consented and agreed to bring an action in quo warranto upon the same statement of facts as alleged in the petition filed by the county attorney; that the data was to be forwarded to the Attorney General for that purpose; that thereafter the county attorney decided the action in the name of the state of Oklahoma with the understanding that said interveners would stand responsible for the costs; that there-

after the attorney for the interveners drew the petitions which were filed; that without notice to the attorney for the interveners or without notice to any of the interveners in person, a general demurrer was filed by the defendants and was confessed by the county attorney. This offer of testimony was denied by the court. The court considered the motion of the defendants as a general demurrer, and sustained said demurrer to interveners' petition. Said interveners declined to plead further, and the court thereupon dismissed the petition of said interveners, to which action of the court the interveners excepted, and have prosecuted their appeal to this court to reverse the action of the trial court.

It appears that the petition of the county attorney, the plea of intervention, the demurrer, the ruling on the demurrer, the motion to dismiss, treated as a demurrer to the plea of intervention, were acted upon on the same day. There has been no appeal from the order and judgment of the court in sustaining the demurrer to the petition on the relation of the state of Oklahoma filed by the county attorney. The petition of intervention sets up some additional matters which are not contained in the second cause of action, which have been considered by this court in case No. 21667, supra, this day decided. The allegations in reference to there not being a sufficient percentage of the qualified voters who signed the petition to render the election legal, or that a part of the signatures were not by the persons themselves, or that there was intimidation, threats, or duress used on the voters to sign the petition are general allegations. The real gist of the conflict on behalf of the interveners is in reference to dismissal of their action, based primarily on the allegations set forth in count 2 of said cause No. 21667.

Section 460, C. O. S. 1921, provides, in part, as follows:

"Who May Bring Action. When the action is brought by the Attorney General or the county attorney in any county of his own motion or when directed to do so by competent authority, it shall be prosecuted in the name of the state, but where the action is brought by a person claiming an interest in the office * * * or claiming any interest adverse to the franchise, gift, or grant which is the subject of the action, it shall be prosecuted in the name, and under the direction, and at the expense of such person."

This section of our statute was adopted from Kansas after its amendment in that state. The Supreme Court of Kansas, in

the early case of Charles Miller et al. v. Town of Palermo, 12 Kan. 14, in an opinion by Justice Brewer construing this section of the statute, states:

"We do not understand this language as giving a right but only as prescribing the form of action. No person is authorized to bring an action of quo warranto who did not have that right before; but if one who is authorized does not bring it, he must bring it in his own name, and not in the name of the state upon his relation. 'When the action is brought' assumes that the action is rightfully brought."

The court holds in this case that private individuals who have no interest other than citizens, residents, and taxpayers of a municipal corporation cannot maintain the action of quo warranto against such corporation. That if the injury is one that particularly affects a person, he has a right to the action. If it affects the whole community alike, their remedy is by proceedings by the state, through its appointed agencies.

The Supreme Court of Kansas, in a later case reported in 112 Kan. 421, 210 Pac. 1105, Schur v. School District, wherein plaintiffs, as resident taxpayers, brought an action challenging the validity of the organization of the defendant rural highschool district, alleging that its defendant and other officials were threatening to subject their properties within the district to illegal tax levies to pay a proposed issue of bonds which had been voted at an election, praying that the bond issue, tax levy, and assessments be enjoined, the organization of the district be adjudged illegal and that its officers be ousted, states:

"It will be noted from our summary of plaintiffs' allegations and prayer that their petition stated a cause of action in quo warranto and a suit for an injunction. Now, as an action in quo warranto alone, these private plaintiffs had no standing to maintain it. The state has provided its own officials, an Attorney General and a county attorney, to challenge the validity of corporate or quasi corporate organizations in this state like cities, counties, townships, and school districts; and ordinarily it is no justiciable concern of private individuals that these public subdivisions and organizations of the state may have some infirmity in their organization. So, too, the exercise of official powers and the ousting of official usurpers are matters of which the state alone may complain at the suit of its authorized legal representatives. And the fact that the state's proper officers decline to act does not give authority to private individuals to institute litigation on such matters of public concern."

This court held in the case of Partridge v. Shore, reported 118 Okla. 15, 246 Pac. 453, as follows:

Syllabus 1. "Where a taxpayer in a union graded school district requests the county attorney of the county in which the district is located to institute proceedings in the nature of quo warranto to question the legal existence of the district, alleged to have been illegally organized, the county attorney has a discretion to exercise, first, in determining whether the law and facts authorize such action, and second, whether a sound public policy would justify him in disrupting the district."

Syllabus 2. "In such case, where the county attorney has denied such request, mandamus will not lie to compel him to institute the action or to permit the use of his name as county attorney for that purpose."

In the case of Shore v. Board of Education of Town of Crescent, 97 Okla. 273, 223 Pac. 867, the plaintiff, as taxpayer, sought to enjoin the defendants from issuing certain bonds and from negotiation of sale of same, or from doing any act which would injure the plaintiff in the premises or be a charge or burden on his property, alleging that no union graded school district was formed as a result of the election; that the pretended union graded school district was never legally incorporated as a municipal corporation; that it had no legal existence as such; that the said bond issue was and is without authority of law, illegal, void, and of no effect; that the plaintiff has applied to the county attorney of Logan county to bring suit in the nature of quo warranto or other proper action to try the question involved herein, but that they have refused to bring any action whatever in the name of the state for said purposes. The court, in its opinion, states:

"The decisive question in the case, as we view it, is: Could the plaintiff, in his individual capacity, institute this proceeding or should it have been by information in the nature of quo warranto in the name of the state? * * *

"The rule has been announced by this court that after a municipal corporation has been organized quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization, and that the courts are without power to do so by injunction or to restrain officers from exercising their proper function. Griffin v. Thomas, 86 Okla. 70, 206 Pac. 604; and cases there cited. * * *

"It cannot, we think, be said that the failure of the Attorney General or of the county attorney of Logan county to bring suit in the nature of quo warranto or other

proper action to try the question involved herein upon the request of plaintiff, as alleged in his petition, operated as a matter of law to entitle a private individual and taxpayer to question in a collateral proceeding the due incorporation of the defendant union graded school district."

The Attorney General of the state, acting as an Ex Officio Bond Commissioner, has approved the bond issue for the consolidation of said school district. The county attorney used his discretion as permitted by law in confessing the demurrer filed by the defendants to the petition filed by him on the relation of the state.

There is no contention that he has acted capriciously or arbitrarily in this matter. The interveners have no interest under their allegations peculiar to themselves or different from those of the consolidated district in general.

Viewing the entire record as presented to this court and the briefs submitted by counsel, in these two cases, 21667 and 21668, we are of the opinion that the trial court did not err in sustaining the motion to strike and dismissing the petition of intervention after the county attorney confessed the demurrer to the petition filed by him on relation state of Oklahoma and thereupon dismissed said petition with prejudice. By reason of the above and foregoing and the rule announced this day in Robinson v. Thorpe, 21667, supra, the judgment of the trial court is hereby affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and LANGLEY, JJ., concur.