COWLEY v. WILKINS.

No. 32236. Nov. 12, 1946.

*174 P. 2d 257.*

O. A. Brewer and D. A. Stovall, both of Hugo, for plaintiff in error.

Welch & Kile, of Hugo, and Carloss Wadlington, of Ada, for defendant in error.

BAYLESS, J. This appeal from the district court of Choctaw county questions the correctness of a judgment in replevin in favor of Pete Wilkins and against S. L. Cowley. The issue of the right to replevin Wilkins' cattle detained by Cowley depended upon the legality of a stock district created and police regulations allowing cattle free range adopted by the voters of the stock district, all under 4 O.S. 1941 § 101 et seq.

Wilkins allowed his animals to roam under the belief that a stock district had been created and the duty to restrain domestic animals had been removed. Cowley believed that the proceedings leading to the establishment of the stock district and the removal of the duty to restrain domestic animals were fatally defective and the stock district did not exist in law.

The records pertaining to the establishment of the stock district and the election on the adoption of the police regulation were in the possession of the county clerk. They consisted of (1) a petition to establish stock district No. 5, not bearing on its pages any signatures although required by section 101 above to be signed by at least 25 "homesteaders or freeholders, legal voters and residents of such county"; (2) a petition for an election on the matter of the

adoption of police regulations, representing it was signed by one-fourth of the voters of the proposed district, signed by 57 names (followed in some instances by the designation "landowner"); (3) minutes of a meeting of the board of county commissioners containing a recital as follows:

"The petition, containing the names of twenty-five freeholders, legal voters, and residents of Choctaw County, duly filed in the office of the County Clerk of said County, was presented to the Board of County Commissioners, was considered and approved; said petition asks that the boundary lines of stock district No. 5 be fixed, as set out in said petition, also that the following questions of police regulations be submitted . . .";

(4) proof of the publication of a notice for an election in stock district No. 5, defining its boundaries, on the question of the police regulations; and (5) minutes of a meeting of the board of county commissioners canvassing the returns of the election held in pursuance of the published notice, including a declaration that a majority of the votes cast favored permitting domestic animals to run at large. Petitions 1 and 2 were attached to each other.

Cowley urges (1) that petition No. 1 was fatally defective because not signed by anyone; (2) that there is no certificate or other proof that the names signed to petition No. 2 constitute one-fourth of the voters of the district; (3) that there is no order establishing stock district No. 5, on the theory that the endorsement of the word "approved" on the petition and the recital of the minutes above quoted is not sufficient in law for that purpose; (4) that the election was required to be held not less than three nor more than five weeks after the date of the calling of the election; that if the minutes above quoted can be considered the date of the election call, the election was held 39 days afterward, which was more than five weeks; (5) that the election is required to be held on a Saturday and the results canvassed the first Friday following, and the returns in this case were not canvassed until the first Saturday following the election.

We think the evidence is sufficient to disclose irregularities and defects in the procedure used in establishing the stock district and voting on the police regulations, but that this evidence is not sufficient in law to entitle Cowley to relief. Cowley's right to detain Wilkins' animals and enforce payment for the damage these animals did to his property depends upon Cowley's ability to disprove the existence of the stock district. This he cannot do, for this court is of the opinion that the stock district existed de facto even if some substance be allowed the irregularities and defects complained of.

The rule in this state, and generally, is that if statutory authority exists for the creation of municipal subdivisions and a bona fide attempt is made to create a municipal subdivision, such as a stock district in this instance, and such subdivision is thereafter recognized and acquiesced in by the people with the district, it is de facto and, therefore, validly existing despite irregularities and defects in the procedure whereby it was organized or created. Shore v. Crescent, 97 Okla. 273, 223 P. 867; City of Guthrie v. Wylie, 6 Okla. 61, 55 P. 103; Cleveland v. School District, 51 Okla. 69, 151 P. 577; Re Allison, 13 Colo. 525, 22 P. 820; Annotation, 43 A.L.R. 1554, dealing with county seats de facto; 56 C.J. 254 and 15 C.J. 418.

The parties are agreed that the statutes, supra, authorize the establishment of stock districts and the adoption of police regulations. The record discloses that petitions for action regarding these purposes were presented to the proper authorities and that those authorities took steps to comply with the statutes above, and from 1929 until shortly before the bringing of this action, a period of approximately 14 years, the people of this stock district acted in conformity with the police regulations adopted, that is, they permitted their domestic

animals to run at large. As we read the authorities, this suffices to make this stock district de facto even if it be conceded that the statutes above were not followed with literal accuracy.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN and DAVISON, JJ., concur.