1999 OK CIV APP 80

**José RIDEOUT, Appellant,**

v.

**Donnita W. WYNN, District Attorney 18th Judicial District, Pittsburg County, Oklahoma, Appellee.**

No. 90,665.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 22, 1999.

José Rideout, Helena, Oklahoma, Appellant Pro Se.

Christopher J. Wilson, First Assistant District Attorney, McAlester, Oklahoma, For Appellee.

REIF, J.

¶ 1 This appeal arises from a mandamus proceeding filed September 3, 1996, by prison inmate José Rideout against the district attorney for Pittsburg County. Prisoner Rideout asked the district court to order the district attorney to file charges against certain officials at the Oklahoma State Penitentiary, because the district attorney had declined an earlier request by Prisoner Rideout to charge the prison officials. Prisoner Rideout accused the prison officials of assault and battery, kidnaping, and robbery in connection with "a forced collection of DNA Database specimens, where his blood was forcibly removed from his body without his consent."

On April 4, 1997, the district court ruled that Prisoner Rideout was "not entitled to the relief [of] ordering the District Attorney to prosecute a criminal complaint against Department of Corrections officials." On May 5, 1997, Prisoner Rideout filed a motion for the court to reconsider the denial of his request for mandamus. The trial court entered a court minute on May 9, 1997, denying the motion to reconsider. After an unsuccessful attempt to appeal from the minute order, the supreme court ruled that Prisoner Rideout could bring an appeal from the denial of the motion to reconsider following the district court's entry of a properly memorialized judgment denying the motion to reconsider.

■ ¶ 2 In reviewing Prisoner Rideout's appeal, we first note that his motion to reconsider was filed more than ten days after the judgment denying his request for mandamus and, therefore, it did *not* operate to extend the time for appealing the judgment denying mandamus. *See Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 5, 681 P.2d 757, 759. Being filed on the thirtieth day after the judgment denying his request for mandamus, the motion to reconsider is actually a term-time motion to vacate. *Schepp v. Hess*, 1989 OK 28, ¶ 1, n. 2, 770 P.2d 34, 36 n. 2. An appellate court reviews a trial court's ruling on a term-time motion to vacate solely to determine *"whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought." Id.* at ¶ 11, 770 P.2d at 39 (footnotes omitted).

■ ¶ 3 In the instant case, the trial court did not abuse its discretion in denying the motion to reconsider (vacate) its judgment denying mandamus. The Oklahoma Supreme Court has recognized that "[t]he decision to prosecute a criminal case in behalf of the government is an executive one [which] *has always belonged to the crown (executive), not the judiciary." Tweedy v. Oklahoma Bar Ass'n*, 1981 OK 12, ¶ 9, n. 12, 624 P.2d 1049, 1054 n. 12 (citations omitted). The supreme court has also recognized that "[n]o question is better settled by both the state and federal courts than that courts cannot control, by mandamus, injunction, or any other writ, the exercise of purely legislative or executive power." *Norris v. Cross*, 25 Okla. 287, 105 P. 1000, 1009 (1909).

¶ 4 The *Norris* case states that a writ of mandamus "may issue to command an executive officer to act and decide, even though his act and decision involve ... discretion; but in such case it may not direct him in what particular way he shall act or decide." *Id.* The *Norris* case further provides that mandamus "may not lawfully issue to command or control an executive officer in the discharge of those of his duties which involve the exercise of his judgment or discretion either in the construction of the law, or in determining the existence or effect of the facts [nor be used] to review, reverse, or correct the erroneous decisions of an executive officer in such cases, even though there may be no other method of review or correction provided by law." *Id.*

¶ 5 The supreme court has expressly disapproved the use of mandamus to control or direct an executive officer who is vested with discretion to initiate legal proceedings. In *Partridge v. Shore*, 118 Okla. 15, 246 P. 453, 454 (1926), the supreme court reversed a writ of mandamus that ordered a county attorney to institute a legal proceeding, because the county attorney "had a discretion to exercise in determining, first, whether the law and the facts authorized such action; and, second, whether sound public policy would justify [maintaining the action]." The supreme court held that "the court cannot by mandamus direct or control the exercise of *that discretion." Id.* at 455 (emphasis added).

■ ¶ 6 The Oklahoma Court of Criminal Appeals has expressly held that "the decision *whether to prosecute* and what charge to file is *within the discretion of the prosecutor." Carpenter v. State*, 1996 OK CR 56, ¶ 23, 929 P.2d 988, 995 (emphasis added). The Oklahoma Court of Criminal Appeals has also held that a district court cannot interfere with a district attorney's exercise of discretion concerning the prosecution of criminal charges. *See State ex rel. Stout v. Craytor*, 1996 OK CR 79, ¶ 12, 753 P.2d 1365, 1368. Oklahoma has long adhered to the principle that prosecutorial authority "cannot be re-

stricted or superseded by the district court" except in cases where there is express authority to do so. *See Mahaffey v. Territory,* 11 Okla. 213, 66 P. 342 (1901)(syllabus 4).

¶7 In the instant case, the record reflects that the district attorney for Pittsburg County construed statutory law as applied to the facts presented by Prisoner Rideout.[1] The district attorney determined that the effect of those facts did not warrant the filing of the criminal charges requested by Prisoner Rideout. The law vests the district attorney with judgment and discretion in deciding whether charges should be filed under any given set of facts. While mandamus may issue where a district attorney refuses to act or decide, such was not the case herein. After the district attorney acted upon and made a decision concerning Prisoner Rideout's complaint, there was no basis thereafter for mandamus to issue for the purpose of directing some particular action or decision, or to supersede, review, reverse or correct the actual decision made by the district attorney.

¶8 We hold that the trial court did not abuse its discretion in denying the motion to reconsider (vacate) its judgment refusing to mandamus the district attorney to act further on criminal charges requested by Prisoner Rideout. An order denying a motion to vacate will be affirmed if there is no abuse of discretion by the trial court. *Carr v. Braswell,* 1989 OK 52, 772 P.2d 915.

¶9 AFFIRMED.

BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.

---

1. The district attorney construed 74 O.S. Supp. 1998 § 150.27a to authorize the officials of the Department of Corrections to take the blood sample from Prisoner Rideout. This statute provides for the taking of blood samples from persons convicted of certain offenses for a DNA Database to be maintained by the Oklahoma State Bureau of Investigation (OSBI). The statute clearly contemplates that the Department of Corrections will act as the agent of OSBI in taking the samples.