No. 73–1060. VILLAGE BOOKS, INC., ET AL. *v.* MAR-SHALL, STATE'S ATTORNEY FOR PRINCE GEORGES COUNTY. Ct. App. Md. Certiorari denied. MR. JUSTICE DOUG-LAS, being of the view that any state ban on obscenity is prohibited by the First Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissent-ing)), would grant certiorari and reverse the judgment below.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were enjoined by the Circuit Court for Prince Georges County, Maryland, from selling a group of allegedly obscene books, on the authority of Art. 27, §§ 418 and 418A, of the Annotated Code of Maryland. Section 418A grants jurisdiction to the circuit courts to enjoin the sale or distribution of any publication which is "obscene" within the meaning of § 418. Section 418

provides in pertinent part as follows: "Every person who knowingly sends or causes to be sent . . . into this State . . . or . . . distributes . . . any obscene matter is guilty of a misdemeanor." As respondent concedes, the Maryland courts have defined the term "obscenity" in this section by adopting the test set forth in *Roth* v. *United States,* 354 U. S. 476 (1957). See *Wagonheim* v. *Maryland State Board of Censors,* 255 Md. 297, 304–305, 258 A. 2d 240, 243–244 (1969). The Court of Appeals affirmed, 263 Md. 76, 282 A. 2d 126, and this Court granted certiorari, vacated the judgment of the Court of Appeals, and remanded the case for reconsideration in light of *Miller* v. *California,* 413 U. S. 15 (1973). 413 U. S. 911. That court again affirmed in an unreported opinion.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 418A, as it incorporates the term "obscene" in § 418, is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, I would therefore grant certiorari, and, since the judgment of the Maryland Court of Appeals was rendered after *Miller,* reverse.\* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its denial of certiorari is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the petitioners did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins.* Petitioners have thus never been provided the independent judicial review to which the Court held them entitled in *Jenkins.* At a minimum, the Court should vacate the judgment below and remand for such a review.