## MANGUM, Indiv. and as Manager of North Cinema, Inc. *v.* STATE'S ATTORNEY FOR BALTIMORE CITY

[No. 180, September Term, 1974.]

*Decided July 8, 1975.*

The cause was argued before SINGLEY, SMITH, DIGGES, ELDRIDGE and O'DONNELL, JJ., and CHARLES E. ORTH, JR., Chief Judge of the Court of Special Appeals, specially assigned.

*William E. Seekford* for appellant.

*Josef E. Rosenblatt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Norman Polovoy, Deputy Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case arises because of the petitioner's exhibiting the film "Deep Throat" after a refusal of the Maryland State Board of Censors to grant a license was upheld by the Circuit Court of Baltimore City.

The relevant facts of the case are as follows. Petitioner A. Kelly Mangum is the manager of the North Cinema motion picture theater in Baltimore City. On May 23, 1974, Mangum submitted the film "Deep Throat" on behalf of North Cinema to the Maryland State Board of Censors. The Board of Censors denied approval of the film, finding it to be obscene, and filed a petition for review pursuant to Maryland Code (1957, 1970 Repl. Vol.), Art. 66A, § 19, in the Circuit Court of Baltimore City. After a hearing, the court, on June 24, 1974, found that the film was obscene and upheld the action of the Board of Censors. The decision was affirmed by this Court in *Mangum v. Bd. of Censors,* 273 Md. 176, 328 A. 2d 283 (1974).

Subsequently, on June 28 and 29, 1974, the film was exhibited at the North Cinema without a censor seal. On July 1, 1974, the State's Attorney for Baltimore City filed an action in the Circuit Court of Baltimore City, pursuant to Code (1957, 1971 Repl. Vol.), Art. 27, § 418A, to enjoin North Cinema, Inc., A. Kelly Mangum, and others connected with the theater, from exhibiting "Deep Throat." The court issued an interlocutory injunction on July 1, 1974, restraining the

further exhibition of the film, and set a hearing for July 10, 1974, unless the respondents requested an earlier hearing. Mangum filed his answer to the petition on July 10, 1974, and also filed a notice of appeal from the interlocutory injunction to the Court of Special Appeals. A hearing on the merits was held on July 10, 1974, and on July 11 the court issued a permanent injunction prohibiting the showing of "Deep Throat." Because of the issuance of the permanent injunction, the Court of Special Appeals on August 20, 1974, dismissed the appeal from the interlocutory injunction as moot, and this Court denied a petition for a writ of certiorari, 272 Md. 745.

On July 17, 1974, Mangum took an appeal to the Court of Special Appeals from the permanent injunction. None of the others who were restrained from showing the picture joined in the appeal. After the appeal was docketed in the Court of Special Appeals, but prior to a decision by the Court of Special Appeals, this Court granted a writ of certiorari to review the issuance of the permanent injunction. We affirm.

Mangum has raised numerous issues in his brief, most of which have been resolved by our decision in *Mangum v. Bd. of Censors, supra.* Other questions raised concern only the validity of the interlocutory injunction, and such questions were, of course, finally disposed of by the Court of Special Appeals in dismissing the appeal from the interlocutory injunction. Consequently, we here consider only those contentions not dealt with in *Mangum v. Bd. of Censors, supra,* and which relate to the issuance of the permanent injunction.

First, Mangum argues that generally injunctions may not be issued without a prior judicial finding of obscenity. As previously stated, to the extent that this argument applies to the interlocutory injunction of July 1, 1974, the issue is not before us. Art. 27, § 418A (2), provides that "[t]he person . . . or corporation sought to be enjoined is entitled to a trial of the issues within one day after joinder of issue . . . ." The hearing on the merits was held on July 10, 1974, the same day Mangum filed his answer. The Supreme Court in *Kingsley Books v. Brown,* 354 U. S. 436, 77 S. Ct. 1325, 1

L.Ed.2d 1469 (1957), considered a New York statute substantially the same as § 418A. The Court found that statute was constitutionally valid because it did provide for a prompt hearing on the issue of obscenity and was therefore not an infringement of First Amendment rights.[1] *See also Village Books v. State's Attorney*, 269 Md. 748, 310 A. 2d 48 (1973) *cert. denied*, 418 U. S. 930, 94 S. Ct. 3220, 41 L.Ed.2d 1169 (1974), *reinstating and reaffirming Village Books v. State's Attorney*, 263 Md. 76, 282 A. 2d 126 (1971).

Mangum next contends that the July 11 injunction was overbroad in that it enjoined activities outside Baltimore City. Mangum argues that Maryland Rule 71 limits the jurisdiction of a court of equity to activities within the territory of the judicial circuit in which it is located. However, a court of equity may enjoin an action outside the circuit, or even outside the State, once it obtains jurisdiction over the parties. *Sun Cab Co. v. Cloud*, 162 Md. 419, 159 A. 922 (1932). In addition, Art. 27, § 418A (1), specifically authorizes the State's Attorney to maintain "an action for an injunction . . . in the equity courts of the Supreme Bench of Baltimore City to prevent the . . . publication or possession *within this State* of any . . . photographs (including a motion picture film or showing) . . . which is obscene." (Emphasis supplied.) The Legislature obviously intended that the equity court, once it obtained jurisdiction over the parties, could prevent the distribution of obscene material by the parties any place within the State.

Mangum's final contention is that the July 11 order is overbroad in that it applies to parties specifically exempted from the application of Art. 27, § 418A. This argument is based on the definition of "person" contained in Art. 27, § 417 (2), which definition is applicable to § 418A. Excluded from the definition is any employee of a legal entity operating a theater who is not an officer of the entity or who does not have a financial interest in it. Mangum admitted at the July 10 hearing that he was a director of North Cinema,

---

1. This was the only argument attacking the constitutional validity of § 418A raised by Mangum. Therefore, we here intimate no view with regard to other possible constitutional challenges to § 418A.

Inc.; therefore, he was subject to being enjoined under § 418A. No other parties subject to the injunction have complained, and Mangum has no standing to assert any statutory rights which they might have. *See Fitch v. Double "U" Sales Corp.*, 212 Md. 324, 329, 129 A. 2d 93 (1957), and cases therein cited.

*Order affirmed.*
*Petitioner to pay costs.*