FLANNIGAN, Appellant, vs. LINDGREN, County Treasurer, Respondent.

*September 6—September 27, 1904.*

*Appealable order:* Mandamus.

An order in a *mandamus* action denying relator's application for an order prescribing the questions to be tried by a jury, on the ground that the *mandamus* sought could not be sustained upon the case made by the pleadings, did not determine the action and prevent a judgment from which an appeal might be taken, and is therefore not appealable under subd. 1, sec. 3069, Stats. 1898.

APPEAL from an order of the circuit court for Oconto county: S. D. HASTINGS, Circuit Judge. *Appeal dismissed.*

Alternative writ of *mandamus* to compel action on the part of respondent, as county treasurer of Oconto county. Return was made, to which answer was filed. Thereupon relator applied for an order "prescribing what particular questions arising in said action shall be tried by a jury." This application was denied by order dated March 9, 1904, on the ground stated both in the order and in the accompanying opinion, that upon the case made by the pleadings *man- damus* could not be sustained to enforce the act desired. From this order the relator appeals.

For the appellant there were briefs by *Classon & Brazeau,* and oral argument by *D. G. Classon.*

For the respondent there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *B. H. Stebbins.*

DODGE, J. It is entirely plain that the order submitted to us for review is not within the appealable class. It is not even claimed to fall within any except the first subdivision of sec. 3069, Stats. 1898:

"An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

But while it may affect a substantial right, and while the views of the court expressed as a reason for the order may be conclusive of the action, this order does not determine the action, for it still pends; nor does the order prevent a judgment from which an appeal may be taken, for the logical result of the views expressed by the court would be a judgment dismissing the writ, from which, of course, this present appellant could take his appeal and review all questions which could arise upon the present order. *St. Patrick's Cong. v. Home Ins. Co.* 101 Wis. 155, 76 N. W. 1125; *In re M. & N. R. Co.* 103 Wis. 191, 78 N. W. 753; *Maynard v. Greenfield,* 103 Wis. 670, 79 N. W. 407; *Mills v. Conley,* 110 Wis. 525, 529, 86 N. W. 203; *Benolkin v. Guthrie,* 111 Wis. 554, 557, 87 N. W. 466.

*By the Court.*—Appeal dismissed.