JINKS et ux. v. BRALY et al.

No. 33489. April 4, 1950.

216 P. 2d 581.

Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Thompson & Braly, of Ada, and Powell & Jameson, of Sulphur, for defendant in error Mack M. Braly.

Powell & Jameson, of Sulphur, for defendants in error J. R. Tucker and Wilma Tucker.

HALLEY, J. This is an appeal by Grady Jinks and wife, defendants in the trial court, from an order denying them a jury trial.

The defendants in error, Mack M. Braly and others, have presented in their brief the question of whether or not an order denying a trial by jury is an appealable order. While the matter is not presented in the form of a motion to dismiss the appeal, we shall treat it as the equivalent of such a motion and so consider it.

Sections 952 and 953, 12 O.S. 1941, define the appellate jurisdiction of this court, and section 952 provides in part that this court may reverse, vacate or modify any of the following orders of the district court or a judge thereof. The first subdivision of this section is "A final order", and "Third. An order that involves the merits of an action, or some part thereof". Section 953 defines a "final order" as follows:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, and may be vacated, modified or reversed, as provided in this article."

One of the earlier cases construing the above section is Wells v. Shriver,

81 Okla. 108, 197 P. 470, where the rule is announced in the fifth syllabus as follows:

"To constitute a 'final order' in an action, it must be an order affecting a substantial right in the action, and the effect of such order is to determine the action and prevent a judgment."

The general rule is announced in 4 C.J.S., Appeal and Error, sec. 115, subdivision 2, as follows:

"No direct appeal lies from orders concerning the mode of trial of a cause as before a jury or before the court without a jury unless they fall within the terms of the statutes permitting appeals from interlocutory or discretionary orders. . . ."

In Thomas et al. v. Westheimer and Daube, 87 Okla. 130, 209 P. 327, this court had under consideration an appeal from a judgment rendered by the district court of Carter county, in which the plaintiffs in error had been denied a jury trial; and in the body of the opinion (87 Okla. 135, 209 P. 331) the court said:

"The plaintiffs in error were entitled to a jury trial, they demanded it, and by refusing it the court deprived them of a statutory right. As this case will have to be reversed and sent back for a new trial, it will not be necessary for us to pass on the other assignments of error. If any errors did occur, it is not likely they will again occur on a retrial of the case."

In the case of Flannigan v. Lindgren, 122 Wis. 445, 100 N.W. 818, the Supreme Court of Wisconsin had under consideration an appeal from an order denying a trial by jury, and pointed out that while the order denied a substantial right of the party demanding a jury, it certainly did not determine the action, because it was still pending after the order was entered. In the matter before us, the order denying a jury trial affected a substantial right of the party demanding it, but it did not determine the action or prevent a judgment.

For the foregoing reasons, the appeal is hereby dismissed.