## Ex Parte JOHNSON

[No. 130, September Term, 1957.]

*Decided January 22, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Murray MacNabb,* for appellant.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court No. 2 of Baltimore City (Harlan, J.) denying John F. Johnson, Jr., (the alleged incompetent), a jury trial on the issue of his competency in an incompetency proceeding pending in said court.

By the appeal the alleged incompetent seeks an answer to one, or both, of two questions: (i) Is a finding of sanity by a court or jury in a court of law under the provisions of Code (Cum. Supp. 1957), Art. 59, sec. 20, binding upon an equity court in a proceeding for the appointment of a trustee to take charge of and manage the property of the alleged incompetent?; and (ii) if not, is the alleged incompetent entitled to demand and have a jury trial on the issue of his competency under the provisions of Code (1951), Art. 16, sec. 134, which provides for the determination of the sanity of an alleged lunatic by a jury in an equity court[1] upon the filing of a petition for a writ of *de lunatico inquirendo?*

The alleged incompetent, after a quarrel with his sister on October 19, 1956, was arrested and committed to Springfield State Hospital by a Police Magistrate of Baltimore City, apparently pursuant to the provisions of Article 59, *supra,* sec. 1, and Article 59 (1951 Code), secs. 10 or 11. Thereafter, when it appeared that the alleged incompetent might inherit money or property from his father's estate, then being administered in Florida, the sister, J. Dolores Johnson, filed a petition in Circuit Court No. 2 (Oppenheimer, J.) for the appointment of a committee to take charge of and manage the person[2] and property of the alleged incompetent, pursuant

---

1. The use of sheriff's jury was abolished by Chapter 751 of the Acts of 1947 and a jury empanelled from jurors in attendance upon a law or criminal court, or from the names upon the regular jury list of the last jury term of a law or criminal court, was substituted therefor.

2. The Code provision is silent as to "person" and is applicable only to the property of an alleged incompetent.

to the provisions of Code (1951), Art. 16, sec. 135. The petition was accompanied by the certificates of two neuropsychiatrists to the effect that the alleged incompetent was of unsound mind, incapable of governing himself and the management of his property, due to an incapacitating mental disorder of indefinite duration. Judge Oppenheimer passed the usual order prescribed by Section 135, *supra,* for a hearing on December 21, 1956. However, the alleged incompetent employed counsel, filed an answer, denying insanity or mental illness, and requested a jury trial.

Before any further proceedings were had in the equity court, the alleged incompetent filed a petition in the Baltimore City Court (Sodaro, J.) on January 28, 1957, for the purpose of having his sanity determined by a jury, pursuant to Section 20 of Article 59, *supra.* On February 4, 1957, a jury empanelled for the purpose determined that the alleged incompetent was sane, whereupon Judge Sodaro ordered that he be discharged from the mental institution in which he had been confined.

Thereafter the alleged incompetent filed two motions in Circuit Court No. 2—one being a motion to quash, the other a motion to dismiss—to the effect that a jury having determined that he was sane, the proceeding which seeks to have him declared to be incompetent by reason of a mental disability ought to be quashed or dismissed. Judge Harlan passed an order on March 26, 1957, denying both motions, and sent the issue of competency to the Superior Court of Baltimore City (Byrnes, J.), a court of law, for trial, but Judge Byrnes refused to empanel a jury because he believed the issue was *res judicata.* Subsequently another motion entitled a "Motion for Ruling on Right of Alleged Incompetent to a Jury Trial", accompanied by a "certificate of employment" of the alleged incompetent by a manufacturer of welding and cutting apparatus as a turret lathe operator, was filed in Circuit Court No. 2 alleging:

"1. That this matter was originally sent by this Court to a Court of Law to determine the mental capacity of this Petitioner to handle an estate that is now otherwise payable to him. That the Court of

Law in this case refused to empanell a Jury for the reason that that Court felt that the previous ruling of the Baltimore City Court that this Petitioner was sane, was binding on all Courts thereafter.

"2. That this Petitioner is now advised that this Court now proposes to have a hearing on the issues of the case without the intervention of a Jury, and desires to have a ruling on his right to a Jury trial in this Court in order to know how to prepare his defense and denial of the matters alleged in the Petition, not waiving previous adverse rulings."

He prayed the court:

" * * * to pass an order to the effect that this Petitioner is entitled to be heard in his defense of this matter by a Jury."

The order attached to the motion, anticipating its grant, was not signed by Judge Harlan. Instead he noted a denial of the motion thereon in these words: "Denied this 25th day of June, 1957." It was from the denial of the motion for a jury trial that this appeal was taken.

The only question presently before this Court is whether the order denying the alleged incompetent a jury trial on the issue of competency is a "final decree, or order in the nature of a final decree, entered by a court of equity", from which an appeal may be taken. Code (Cum. Supp. 1957), Art. 5, sec. 6 (Appeals from final decrees and orders).

Apparently it has been generally assumed that an order denying a jury trial is an interlocutory order, and is not appealable. *Snidow v. Hill,* 100 Cal. App. 2d 31, 222 P. 2d 958 (1950); *Frank v. Dominick,* 122 Cal. App. 2d 45, 264 P. 2d 161 (1953). In any event, there is a dearth of case law on the subject.

Although an order denying a jury trial may affect a substantial right of a party demanding it, it does not determine an action, for it remains pending, nor does the order prevent the entry of a final judgment or decree from which an appeal may be taken. *Flannigan v. Lindgren,* 122 Wis. 445,

100 N. W. 818 (1904); *Jinks v. Braly,* 202 Okla. 581, 216 P. 2d 581 (1950).

It has even been held that an order denying a jury trial neither affects a substantial right nor involves the merits of an action, and hence is not appealable because the ruling or order relates only to the method of trying facts, and leaves the rights of the parties on the merits of the matter entirely unadjudicated. *Schutt v. Federal Land Bank of Saint Paul,* 71 N. D. 640, 3 N. W. 2d 417 (1942).

Federal cases concerning orders denying a jury trial almost invariably refer to such orders as interlocutory. See *Enelow v. New York Life Ins. Co.,* 293 U. S. 379 (1935); *Ettelson v. Metropolitan Life Ins. Co.,* 317 U. S. 188 (1942); *City of Morgantown v. Royal Ins. Co.,* 337 U. S. 254 (1949). See also 5 *Moore, Federal Practice* (2d ed. 1951), Sec. 39.13 [1], in which it is said: "The determination as to the mode of trial, jury or court, * * * is clearly interlocutory."

Finally, it should be noted that an order denying a jury trial is not among the several "interlocutory orders entered by or actions of a court of equity" listed as appealable in Code (Cum. Supp. 1957), Art. 5, sec. 7 (Appeals from certain interlocutory orders).

Since it is clear that this interlocutory order is not presently appealable, it follows that this appeal was prematurely taken and must be dismissed. Maryland Rules 835 and 887. The case of *Allen v. Gray,* 201 N. Y. 504, 94 N. E. 652 (1911), correctly states the proper procedure for reviewing an order denying a jury trial. A litigant must abide the final judgment or decree. He may then appeal and raise on the appeal the denial of a jury trial. But he cannot appeal directly from the denial.

> *Appeal dismissed without prejudice, with costs to be paid by the appellant.*