In the Matter of the **ESTATE of Lillie J. GRIFFIN, now Shepherd, Deceased.**

No. 49373.

Supreme Court of Oklahoma.

May 4, 1976.

As Corrected Oct. 5, 1976.

Rehearing Denied Oct. 6, 1976.

---

Mordy & Clark, Ardmore, for appellant.

Reed, Hurst & McNeil, Sulphur, for the Estate of the Deceased.

IRWIN, Justice.

Appellant, Robert Wayne Shepherd, as surviving spouse of Lillie J. Griffin Shepherd, deceased, executed and filed an instrument denominated "Relinquishment and Assignment" whereby appellant purportedly assigned, for valid consideration, all his interest in the estate of the decedent to the other heirs and devisees under the will.

Thereafter appellant filed his claim for a share of the estate, and, with leave of court, filed a petition to set aside the instrument of relinquishment and assignment. The petition to vacate was denied December 5, 1975. Appellant filed a motion for new trial which was overruled January 28, 1976. Petition in error was filed February 17, 1976.

Appellee urges by dismissal motion jurisdictional failure resulting from appellant's asserted failure to timely commence appellate proceedings within 30 days from rendition of the order appealed, contending that the new trial motion cannot serve to extend time for appeal of an interlocutory order appealable by right.

Appealable orders in probate causes are those within the purview of 58 O.S.1971 § 721. Appealable orders are those:

1. Granting, or refusing, or revoking letters testamentary or of administration, or of guardianship, or conservatorship;

2. Admitting, or refusing to admit, a will to probate;

3. Against or in favor of the validity of a will, or revoking the probate thereof;

4. Against or in favor or setting apart property, or making an allowance for a widow or child;

5. Against or in favor of directing the partition, sale or conveyance of real property;

6. Settling an account of an executor, or administrator or guardian;

7. Refusing, allowing or directing the distribution or partition of an estate, or any part thereof or the payment of a debt, claim, legacy or distributive share; or

8. From any other judgment, decree or order of the court in a probate cause, or of the judge thereof, affecting a substantial right.

The orders encompassed by subdivision 1 through 6 and subdivision 8 are interlocutory and an appeal of such orders must be commenced within thirty days of rendition and a new trial motion cannot operate to extend the time for commencement of appellate proceedings. The order contemplated in subdivision 7, is a final order and a motion for new trial operates to extend the time for commencement of appellate proceedings to seek review of a final order.

Support for these conclusions is found in the applicable Civil Appeals Rules. Part I of our Rules of Appellate Procedure in Civil Cases [12 O.S.1971, Ch. 15, App. 2, and as amended] governs appeals from final judgments or final orders of the district court. Part II of the Rules governs appeals from interlocutory orders of the district court. Rule 1.10, as amended on May 28, 1974, effective June 1, 1974, provides:

"(a) Within the meaning of Part I the term 'final judgment or final order' is synonymous with the term 'decision'. It includes any final judgment of final order appealable under the provisions of:

\*    \*    \*    \*    \*    \*

"(9) 58 O.S.Supp.1969 § 721 Subdiv. (7) (appeals in probate from final decree of distribution) . . ."

Rule 1.60 of Part II(c), relating to disposition of Interlocutory orders, provides:

"Interlocutory orders of the district court that:

\*    \*    \*    \*    \*    \*

"(g) are enumerated in 58 O.S.Supp. 1969 § 721 (interlocutory probate orders);

"may be appealed to this court in compliance with the rules in this part."

Rule 1.61, provides:

"Time for the commencement of an appeal from these interlocutory orders shall begin to run from the date of their rendition. The filing of a motion for new trial, reconsideration, re-examination, rehearing or to vacate the interlocutory order shall not operate to extend the time to appeal from such order. An appeal from these orders shall be commenced by filing a petition in error within thirty days of the date the order sought to be reviewed is rendered. This time limit may not be extended either by the trial court or by this court."

Consideration of sub-paragraph (9) of Rule 1.10(a) in connection with sub-paragraph (g) of Rule 1.60, is conclusive that orders within the purview of subdivision 1 through 6 and subdivision 8 of § 721, supra, constitute interlocutory probate orders. Orders within the purview of subdivision 7 constitute final orders. The order on appeal does not fall within the purview of subdivision 7.

The appeal is accordingly dismissed for want of jurisdiction consequent upon commencement of appellate proceedings after the close of the interval allowed for commencement of such proceedings.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, BARNES, and SIMMS, JJ., concur.

LAVENDER and DOOLIN, JJ., dissent.