**KENNETT–MURRAY & CO., A DIVISION OF KENNETT–MURRAY CORP., a foreign corporation, Appellant,**

v.

**The PAWNEE NATIONAL BANK, a corporation, Appellee.**

**No. 56429.**

Supreme Court of Oklahoma.

Dec. 21, 1982.

John G. Maddox, Armstrong, Burns, Baumert, Maddox & Cummings, Ponca City, for appellant.

Robert J. Scott, Pawnee, for appellee.

WILSON, Justice:

Appellant, Kennett-Murray & Company, a foreign corporation, will be referred to herein as "plaintiff", and appellee, The Pawnee National Bank, will be referred to herein as "defendant".

Plaintiff initially filed this action against multiple defendants on August 5, 1976. That litigation resulted in an adverse decision for the plaintiff. Plaintiff appealed the decision and the Court of Appeals, Division No. 1, affirmed in part and reversed and remanded the decision in part. 598 P.2d 274. The instant litigation was the portion of the case reversed and remanded for a jury trial relating to damages against defendant, Pawnee National Bank. The case was pre-tried on September 17, 1980 and set for trial October 27, 1980.

On the morning of the trial, plaintiff's attorney notified the court and both attorneys representing the defendant that he was dismissing the case without prejudice. Defendant requested the court to award attorney fees (in the nature of costs) whereupon the court requested briefs from both parties relating to the court's authority, under the instant circumstances, to award attorney fees. Both parties submitted briefs and the court scheduled the matter for hearing December 8, 1980.

Prior to the hearing, plaintiff's attorney engaged in a three-way telephone conversation with the judge and the defendant's attorney in which both sides indicated that they had no additional information to urge in the way of oral arguments other than what had been cited in the briefs. Plaintiff's attorney presumed that there would be no reason for him to attend the December 8, 1980 hearing. At the hearing, the judge received evidence relating to the amount of attorney fees to be awarded and a judgment in the amount of $8,050.00 was entered against plaintiff, payment to be conditioned upon the refiling of the case in any state or federal court.

On January 7, 1981, plaintiff filed a Motion to Vacate Order and Judgment requesting the court to set aside the judgment and to permit plaintiff to defend against any order allowing and assessing a specific amount of attorney's fees. This motion was denied by the court during a hearing conducted on January 19, 1981. From that order plaintiff has perfected this appeal.

The plaintiff urged the following in his Motion to Vacate Order and Judgment:

(1) That there was irregularity in obtaining the Judgment and Order awarding $8,050.00 as attorney fees to defendant.

(2) That plaintiff was misled as to the purpose and extent of the hearing, and did not receive notice that any evidence would be received or any consideration made on the *amount* of attorney fees to be awarded the defendant, if any.

(3) That the Judgment allowing attorney fees to the defendant in the amount of $8,050.00 is coercive, excessive and contrary to law.

Plaintiff does not specifically identify the irregularity to which he is referring in paragraph 1.

■ Plaintiff's second ground refers to the confusion the plaintiff experienced about just what the scope of the December 8, 1980 hearing would be. There is evidence in the record that plaintiff knew of the hearing, but that he did not expect testimony to be taken. The judge stated after the January 19, 1981 hearing that he thought the plaintiff had been adequately advised. The standard of appellate review of the decisions on Motions to Vacate is set out in *State ex rel. Hunt v. Liberty Investors Life Ins. Co.,* 543 P.2d 1390, 1399 (Okl.1975):

"It is well settled in this jurisdiction that a proceeding to set aside a judgment rendered upon failure of one of the parties to appear is addressed to the sound judicial discretion of the trial court and the ruling

thereon will not be disturbed, unless it appears from the record that the trial court abused its discretion. (cases cited).

"It is also the law in this state that failure to receive notice of the setting of the case does not of itself constitute a sufficient ground upon which to vacate a judgment. (cases cited)."

The action of the trial court in relation to the second proposition was clearly within its discretion and therefore will not be disturbed.

Concerning the third ground, the plaintiff, having learned on December 8, 1980, that an $8,050.00 judgment had been entered against it, had ten days from that date to file a Motion for New Trial. The grounds alleged by the plaintiff in his motion, part (3), are clearly "re-examination in the same court, of an issue of fact, or of law" [1] which are more properly brought by a Motion For New Trial. The holding in *Minn. Mining & Mfg. Co. v. Smith,* 581 P.2d 31 (Okl.1978) makes clear that a litigant may not move to vacate a judgment within thirty days after rendition on any ground that was available in time to move for a new trial.[2]

A review of the record indicates not only that the decision to award attorney's fees but the reasoning and elements considered in arriving at the amount herein should be subject to review. However, a Motion To Vacate cannot preserve review of errors which should be urged by Motion For New Trial or by direct appeal. The order of the trial court is affirmed.

AFFIRMED.

IRWIN, C.J., BARNES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

HODGES, SIMMS and OPALA, JJ., dissent.

1. 12 O.S.1971 § 651, Subsection Fourth and Sixth.

2. E. Dwight Morgan, *Delayed Attacks On Final Judgments,* Okla.Law Review, Vol. 33, No. 1, p. 45, n. 3.