**In re ESTATE OF Jerry Ray CALDWELL, Deceased.**

**Paula D. CALDWELL, Appellant,**

v.

**Lynn CALDWELL and Jeffery Caldwell, Appellees.**

**No. 61377.**

Supreme Court of Oklahoma.

Dec. 26, 1984.

Elton E. Thompson, Thompson & Thompson, Poteau, for appellant.

William D. Mobley, Poteau, for appellees.

OPALA, Justice.

The issue sought to be presented is the correctness of the trial court's order deny-

ing a widow certain benefits in probate. We find that the appeal stands here in a fatally defective jurisdictional posture.

The husband [decedent] died intestate leaving as survivors his wife [widow],[1] a minor son and adult daughter, each from a different prior marriage, and two minor step-daughters.[2]

In an application for statutory benefits, the widow asked the court to set aside to her, for family use, certain items of personal property as specified in 58 O.S. 1981 §§ 311 and 312 and 84 O.S. 1981 § 232.[3] She also applied for an additional allowance for the maintenance of the family during the probate of the estate as authorized by 58 O.S. 1981 § 314. The decedent's adult daughter and minor son opposed the widow's application.

The trial court, on *October 11, 1983,* awarded to the widow and the decedent's minor son, in equal shares, the property described in 58 O.S. 1981 §§ 311 and 312. In the same order, the trial court found that this property was sufficient to support the widow and minor son and denied the widow's application for an additional maintenance allowance. The widow then filed a timely motion for new trial which was overruled November 15, 1983. Her petition in

error was filed here *November 23, 1983,* more than 30 days after the October 11, 1983 decision which is to be reviewed.

Appealable orders in probate causes are those within the purview of 58 O.S. 1981 § 721.[4] Applicable here is § 721(4) which provides:

"An appeal may be taken from the following judgments or orders of the district court:

\*     \*     \*     \*     \*     \*

4. Against or in favor of setting apart property, or making an allowance for a widow or child; \* \* \*"

A § 721(4) order falls into a class of interlocutory orders appealable by right.[5] The 30-day period for commencement of an appeal from an interlocutory order begins to run from the date the order sought to be reviewed is rendered.[6] A motion for new trial will not operate to extend the time for commencement of an appellate proceeding to review an interlocutory order in probate.[7]

Because the widow's November 23rd petition-in-error was filed here more than 30 days after rendition of the October 11th order that affected her claim to statutory

---

1. The widow was appointed administratrix of the decedent's estate valued under $50,000. The homestead was awarded to the widow under the terms of 58 O.S. 1981 § 311.

2. The minor step-daughters are the widow's children from a previous marriage.

3. The widow was awarded an automobile pursuant to 84 O.S. 1981 § 232.

4. *Estate of Griffin,* Okl., 554 P.2d 785, 787 [1976].

5. Rule 1.60, Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1983, Ch. 15, App. 2 provides in pertinent part:
"Interlocutory orders of the district court that:
\*     \*     \*     \*     \*     \*
(f) are enumerated in 58 O.S. 1981 § 721 (interlocutory probate orders) *except an order allowing a final account and granting a decree of distribution;*

\*     \*     \*     \*     \*     \*
may be appealed to this court in compliance with the rules in this part." [emphasis added] The character of an order—whether temporary or final—is not measured by its impact on the aggrieved party but rather by the effect it has on the termination of the proceeding. In probate, only the appeals from final accounting and decree of distribution are deemed to be from a final order terminating the proceeding. Rule 1.10(a)(9), Rules on Perfecting a Civil Appeal, 12 O.S. 1981, Ch. 15, App. 2.

6. Rules 1.15(a), 1.40(b) and 1.61, Rules on Perfecting a Civil Appeal, 12 O.S. 1981, Ch. 15, App. 2; Rule 1.60(f), Rules on Perfecting a Civil Appeal, *supra* note 5.

7. Rules 1.40(d) and 1.61, Rules on Perfecting a Civil Appeal, *supra* note 6.

benefits, her appeal is beyond the reach of our review. It is dismissed for an incurable jurisdictional defect.[8]

**8.** This dismissal will not prevent the appellant from securing review of the issues sought to be presented after final decree of distribution is rendered in the case. 12 O.S. 1981 § 952(b)(3); Rule 1.17(b), Rules on Perfecting a Civil Appeal, 12 O.S. 1981 Ch. 15, App. 2.

Rule 1.17(b) provides in pertinent part:

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, WILSON and KAUGER, JJ., concur.

"* * * Failure of a party to appeal from any interlocutory order that is appealable ... under the provisions of ... 58 O.S. ... [1981] § 721 ... shall not preclude it from asserting errors in that interlocutory order in an appeal taken from the final judgment or final order rendered in the case."