487 A.2d 670

**Fred W. ALLNUTT**

v.

**COMPTROLLER OF the TREASURY.**

**Nos. 494, 683, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Feb. 7, 1985.

James L. Mayer, Ellicott City (Susan S. James, Ellicott City, on brief), for appellant.

John K. Barry, Asst. Atty. Gen., Annapolis (Stephen H. Sachs, Atty. Gen. and Linda K. Boyd, Asst. Atty. Gen., Baltimore, and Gerald Langbaum, Asst. Atty. Gen., Annapolis, on brief), for appellee.

Argued before WILNER, WEANT and ROSALYN B. BELL, JJ.

WILNER, Judge.

"Taxes," said Justice Holmes, in dissent, "are what we pay for civilized society." [1] Mr. Fred W. Allnutt, it would seem, does not wish to pay the price.

Allnutt operates a construction and excavation business as a sole proprietor. At some point in 1981, he decided that he was no longer obliged to pay either sales or income taxes to the State of Maryland. The Comptroller of the Treasury came to a rather different conclusion; hence these two appeals.

Appeal No. 494 involves the sales tax. In May, 1982, the Comptroller laid an assessment against Allnutt of $15,324, representing unpaid sales or use taxes for the period October 23, 1981, through January 29, 1982, of $7,507, a 100% penalty of $7,507, and accrued interest of $310. Allnutt appealed that assessment to the Maryland Tax Court, contending that the assessment was "arbitrary, capricious, illegal against all the evidence" and that the Comptroller had "failed to follow its [*sic*] own rules with regard to the matter."

With his petition for appeal, Allnutt asked that the case be heard before a jury. On September 2, 1983, the Tax Court denied the request for jury trial, whereupon Allnutt filed an immediate appeal to the Circuit Court for Howard County, complaining that he had been denied his Constitutional right to trial by jury. The Comptroller moved to dismiss the appeal on the grounds that (1) the order of the Tax Court rejecting the request for jury trial was not immediately appealable, being neither final in nature nor subject to an interlocutory appeal, (2) there is no right to jury trial in the Tax Court, and (3) the Tax Court did not abuse its discretion in rejecting Allnutt's request.

The court (Judge Fischer) entertained the appeal but concluded, as a matter of substantive law, that Allnutt had

---

1. *Compania General De Tabacos De Filipinas v. Collector, Etc.,* 275 U.S. 87, 100, 48 S.Ct. 100, 105, 72 L.Ed. 177 (1927).

no constitutional or statutory right to a jury trial in the Tax Court. It therefore affirmed the Tax Court's interlocutory order denying the request for a jury trial. No. 494 is Allnutt's appeal from that judgment.

Appeal No. 683 arose from two assessments for unpaid income taxes, one for 1981 ($83,159) and one for 1982 ($74,363). Allnutt appealed both assessments to the Tax Court, arguing that (1) "as a free natural individual" he does not have to pay Maryland income taxes, and (2) his "receipts or compensation consist of obligations of the United States (Federal Reserve Notes) which are exempt from taxation by State, local or municipal governments under the Laws of the United States and the State of Maryland." With his petitions for appeal, he requested a jury trial. As in the sales tax case, the Tax Court denied that request, whereupon Allnutt noted an immediate appeal to the Circuit Court for Howard County. As in the sales tax case, the Comptroller moved to dismiss the appeal as being from an interlocutory non-appealable order.

This appeal came before Judge Cicone who, though reaching the same conclusion as Judge Fischer, namely, that Allnutt had no right to a jury trial in the Tax Court, decided to dismiss the appeal rather than affirm the Tax Court order. No. 683 is Allnutt's appeal from that judgment.

In both cases, Allnutt raises two questions:

"I. Under the Maryland Constitution, did the lower court err in denying Appellant a jury trial on issues of fact presented to the Maryland Tax Court?

II. Did the Legislature violate Article 8 of the Maryland Declaration of Rights and Article IV, § 1 of the Maryland Constitution by conferring upon the Maryland Tax Court, an administrative body, the uncontrolled discretion and power to deny a trial by jury on issues of fact in a civil proceeding where the amount in controversy exceeds five-hundred dollars?"

It is not necessary for us to address those issues. The one legitimate question before us is whether Allnutt had a

right to appeal the Tax Court's denial of his requests for jury trial in advance of a final resolution of the underlying controversies, and we conclude that he did not. The orders were not immediately appealable. Judge Cicone was correct in dismissing the appeal in No. 683; that is what Judge Fischer should have done in No. 494.[2]

From the arguments advanced in this case and in *Allnutt v. State,* 59 Md.App. 694, 478 A.2d 321 (1984), it would appear that Mr. Allnutt's aversion to the payment of taxes is indeed deep and may not be likely to abate, in which event the issues he seeks to raise here will most assuredly be back before the circuit court, and us, in the near future. In the interest of judicial economy, therefore, and to provide prospective guidance to the circuit court, we shall address the questions he has raised here. *See Sigma Repro. Health Cen. v. State,* 297 Md. 660, 467 A.2d 483 (1983).

### *Appealability Of Tax Court Orders*

■ The Maryland Tax Court, despite its name, is not a court but an administrative agency attached to the Executive Branch of the State Government. Md.Code Ann. art. 81, § 224; *Shell Oil Co. v. Supervisor,* 276 Md. 36, 343 A.2d 521 (1975); *Shipp v. Bevard,* 291 Md. 590, 592, 435 A.2d 1114 (1981). It exercises quasi-judicial, not judicial, functions. *Shell Oil Co.,* 276 Md. at 44–48, 343 A.2d 521; *White v. Prince George's Co.,* 282 Md. 641, 658, 387 A.2d 260 (1978). It is empowered to "hear, try and determine or remand any matter before it" and "to assess anew, classify anew, abate, modify, change or alter any valuation, assessment, classification, tax or final order appealed from..."

---

**2.** The Comptroller has moved to dismiss both appeals to *us* on the ground that they emanate from non-appealable orders. But that is not the case. While the orders of the Tax Court were interlocutory in nature, the judgments of the circuit court were final. The cases in the circuit court have been concluded; the rights of the parties in that court have been finally determined. *We,* therefore, have jurisdiction to entertain appeals from those judgments. Md.Code Ann.Cts. & Jud.Proc. art., § 12–301. The Comptroller's motions to dismiss these appeals are therefore denied.

art. 81, § 229(f) and (h). Any party to a Tax Court proceeding may appeal "from the Court's *final* order" to a circuit court. (Emphasis added.) Art. 81, § 229(*l*). No appeal is provided from an order that is *not* final, either in the statute (§ 229) or in the Maryland Rules governing appeals from administrative agencies. Md.Rule B1.

■ For purposes of determining immediate appealability, the term "final order," as used in § 229, is equivalent to the term "final judgment," as used in Md.Code Ann.Cts. & Jud.Proc. art., § 12–301. *See Md. Comm'n on Human Rel. v. B.G. & E. Co.,* 296 Md. 46, 459 A.2d 205 (1983). The latter term, of course, has been defined many times by the Court of Appeals. To be appealable under the finality requirement, the order or judgment must "conclude rights involved, or deny the appellant means of further prosecuting or defending his rights and interests in the subject matter of the proceeding." *Sigma Repro. Health Cen., supra,* 297 Md. at 665, 467 A.2d 483, quoting *United States Fire Ins. Co. v. Schwartz,* 280 Md. 518, 521, 374 A.2d 896 (1977). Clearly, the orders of the Tax Court at issue here are not of that nature. The Tax Court proceeding was to determine the validity of the respective assessments; that has yet to be done. Allnutt's rights and obligations with respect to those assessments have not even been addressed, much less concluded; nor has he been denied the means of further prosecuting or defending his rights and interests in the subject matter of the proceeding. He has simply been denied the mode of trial that he sought. That is not a "final order" within the meaning of § 229(*l*).

Allnutt seems blithely to ignore this jurisdictional problem. Plunging headlong into his argument that he had a right to a jury trial, he neglects to tell us in his brief upon what basis he may appeal to the circuit court, in advance of a final order, from the denial of that alleged right. In the circuit court, he conceded that the orders in question were interlocutory but argued that they were appealable because they deprived him "of an absolute Constitutional right." At

oral argument before us, it became clear that that continues to be Allnutt's position. *See,* however, *Jacober v. High Hill Realty, Inc.,* 22 Md.App. 115, 321 A.2d 838, *cert. denied* 272 Md. 743 (1974); *Federal Land Bank of Baltimore, Inc. v. Esham,* 43 Md.App. 446, 406 A.2d 928 (1979).

Long ago, in *Condon v. Gore,* 89 Md. 230, 42 A. 900 (1899), the Court entertained an appeal by a defendant in a civil case from an order overruling his motion to place the case on the non-jury docket. He argued that the plaintiff had failed to make a proper election for a jury trial in accordance with the procedural requirements of a local court rule. The Court found that the plaintiff's election was valid and thus affirmed the order. It declined to dismiss the appeal, however, though seeming to agree that the order in question "was not final in its nature." The Court observed that, unless a jury trial was prayed in accordance with the rule, the defendant had a State constitutional right to a court trial; it then made the broad, unequivocal pronouncement, 89 Md. at 234, 42 A. 900, that "it has been decided by this Court that *an appeal lies from any order which settles a constitutional right."* (Emphasis added.)

That statement clearly does not express the current law in Maryland. As Judge Rodowsky said for the Court in *Parrott v. State,* 301 Md. 411, 417–18, 483 A.2d 68 (1984):

"It is immediately apparent that the broad statement of a rule for determining appealability of interlocutory orders which is found in *Condon v. Gore, supra,* cannot and has not been literally honored. To treat every judicial ruling which is made before the entry of final judgment and which determines a claimed constitutional right as an appealable order would create piecemeal appeals in unmanageable numbers. *Condon* was decided before the advent of the exclusionary rule, and to follow its test for appealability would mean that most pretrial rulings in criminal cases would be immediately reviewable as of right. This is not the law."

Of even greater significance, and indeed dispositive of this case, is *Ex Parte Johnson*, 215 Md. 391, 138 A.2d 347 (1958), where the Court held flat out that an order denying a jury trial is not immediately appealable. It explained, 215 Md. at 394–95, 138 A.2d 347:

"Although an order denying a jury trial may affect a substantial right of a party demanding it, it does not determine an action, for it remains pending, nor does the order prevent the entry of a final judgment or decree from which an appeal may be taken. . . .

It has even been held that an order denying a jury trial neither affects a substantial right nor involves the merits of an action, and hence is not appealable because the ruling or order relates only to the method of trying facts, and leaves the rights of the parties on the merits of the matter entirely unadjudicated. . . . The case of *Allen v. Gray*, 201 N.Y. 504, 94 N.E. 652 (1911), correctly states the proper procedure for reviewing an order denying a jury trial. A litigant must abide the final judgment or decree. He may then appeal and raise on the appeal the denial of a jury trial. But he cannot appeal directly from the denial."

*Ex Parte Johnson* has never been questioned or overruled. It was cited as authority in *Beck v. Beck*, 236 Md. 261, 264, 203 A.2d 900 (1964), and in both *Kawamura v. State*, 299 Md. 276, 282, 473 A.2d 438 (1984), and *Parrott v. State, supra*, 301 Md. at 418, 483 A.2d 68, the Court took note of its inconsistency with *Condon*.

■ It is clear now, from *Jolley v. State*, 282 Md. 353, 384 A.2d 91 (1978), *Stewart v. State*, 282 Md. 557, 386 A.2d 1206 (1978), and *Parrott v. State, supra*, that the appealability of pretrial orders such as this is to be governed by applying the "collateral order doctrine" and that a principal factor in that analysis is whether there is "a serious risk of irreparable loss of the claimed right if appellate review is deferred until after final judgment." *Parrott, supra*, 301 Md. at 424–25, 483 A.2d 68. The *Johnson* Court determined that

there was no such risk—that the aggrieved litigant could effectively raise the denial of a jury trial on appeal from the final judgment. Deferral of that issue until the entry of final judgment presents no greater burden than deferral of complaints about removal of the cause or lack of speedy trial, neither of which are presently cognizable on an interlocutory basis. *Parrott, supra; Stewart v. State, supra.*

■ Accordingly, as we said earlier, the appeals to the circuit court were improper and should have been dismissed.

## Right To Jury Trial

Procedure in the Tax Court is governed by § 229 of art. 81. Section 229(c) states that proceedings "shall be conducted in a manner similar to proceedings in courts of equity in this State." Subsection (g) provides:

"Upon the request of any party in interest, the Court, *in its discretion,* may submit to a court of law, in the jurisdiction where the taxpayer resides or carries on business, *issues of fact* for trial before a jury; provided, however, that in no event shall any question as to the valuation of property be so submitted." (Emphasis added.)

Allnutt concedes that, under the *statute,* he has no *right* to a jury trial, that referral of issues of fact to a jury is a matter of discretion. He argues, however, that (1) his right is of Constitutional origin, arising from Md. Declaration of Rights, arts. 5 and 23, and (2) even if the matter is discretionary, the Tax Court abused its discretion in this case. He is wrong.

Art. 5 of the Declaration of Rights states, in relevant part, that the inhabitants of Maryland are "entitled to the Common Law of England, and the trial by Jury, according to the course of that Law ... except such as ... may be inconsistent with the provisions of this Constitution...."

*See State v. Magliano,* 7 Md.App. 286, 293, 255 A.2d 470 (1969). Art. 23 states that "[t]he right of trial by Jury of all issues of fact in civil proceedings in the several *Courts of Law* in this State, where the amount in controversy exceeds the sum of five hundred dollars, shall be inviolably preserved." (Emphasis added.)

■ The right of jury trial referred to in art. 5 "is the historical trial by jury, as it existed when the Constitution of the State was first adopted...." *Knee v. City Pass. Ry. Co.,* 87 Md. 623, 624, 40 A. 890 (1898); *Attorney Griev. Comm'n v. Kerpelman,* 288 Md. 341, 356, 420 A.2d 940 (1980), *cert. denied* 450 U.S. 970, 101 S.Ct. 1492, 67 L.Ed.2d 621 (1981). It does not apply to civil proceedings in equity, *Kerpelman, supra,* 288 Md. at 356, 420 A.2d 940, *Village Books v. State's Attorney,* 263 Md. 76, 94, 282 A.2d 126 (1971), *vacated* 413 U.S. 911, 93 S.Ct. 3034, 37 L.Ed.2d 1024 (1973), *cert. denied* 418 U.S. 930, 94 S.Ct. 3220, 41 L.Ed.2d 1169 (1974), or to administrative proceedings created by statute that were unknown at common law. *See Branch v. Indemnity Ins. Co.,* 156 Md. 482, 144 A. 696 (1929). Allnutt seeks to bring himself within the protective ambit of art. 5 by noting (1) the provisions of Md.Code Ann. art. 81, § 317, and (2) that at common law, it was commonplace for the Crown to file actions at law to recover unpaid taxes due from its subjects. Neither the statute nor the English Sovereigns' practice are relevant to proceedings in the Maryland Tax Court.

■ Art. 81, § 317 makes the State income tax, from the time it is due and payable, a "personal debt" of the person owing the tax and provides that it shall be collectible "in the same manner as other State taxes are collectible." *See also* § 342 (unmentioned by Allnutt) for a counterpart provision concerning the sales tax. Those provisions, making the tax a "personal debt," do *not* convert the Tax Court proceeding into an assumpsit action, however. Indeed, as the Court

held in *Comptroller v. Russell,* 284 Md. 174, 180, 395 A.2d 488 (1978), "section 317 was intended to deal only with the status of income taxes when they have become collectible, that is, *after the validity of the assessment . . . has already been finally established."* (Emphasis added.) The Tax Court proceeding is for that very purpose, of finally establishing the validity of the assessment. Once the validity of the assessment is established, an action of assumpsit to collect the tax may be commenced under art. 81, § 206. If there is a right to a jury trial, it would have to lie in *that* action, not the proceeding in the Tax Court.[3]

The inapplicability of art. 23 is found in its very wording. It applies to proceedings in the "Courts of Law in this State." The Tax Court, as we have seen, is not a court of law, but an administrative agency.

Finally, although the Tax Court gave no reasons for denying Allnutt's several requests for jury trial, we find nothing in the record to indicate that its actions constituted an abuse of discretion. From the contentions made in the petitions to the Tax Court, it would seem that Allnutt's principal arguments involved issues of law, rather than of fact. There may have been little, in the overall cases, that could have been properly submitted to a jury in any event.

JUDGMENT IN NO. 683 AFFIRMED; JUDGMENT IN NO. 494 VACATED; CASE REMANDED TO CIRCUIT COURT FOR HOWARD COUNTY WITH INSTRUCTIONS TO DISMISS APPEAL FROM MARYLAND TAX COURT; APPELLANT TO PAY THE COSTS IN BOTH CASES.

---

**3.** We do not mean to suggest that there *is* a right to a jury trial in a proceeding under § 206. To the extent that cases interpreting the analogous Seventh Amendment may be apposite, there may be no such right, but that question is not now before us and we express no opinion on it. *See Wickwire v. Reinecke,* 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184 (1927); *Funk v. C.I.R.,* 687 F.2d 264 (8th Cir.1982); *Dorl v. Commissioner,* 507 F.2d 406 (2d Cir.1974); *Mathes v. C.I.R.,* 576 F.2d 70 (5th Cir.1978), *cert. denied* 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979).