STATE of Oklahoma ex rel., OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Michael T. BRASWELL, Respondent.

SCBD No. 3243.
OBAD No. 689.

Supreme Court of Oklahoma.

Sept. 30, 1987.

## MEMORANDUM OPINION

SUMMERS, Justice.

This bar disciplinary proceeding commenced with a complaint filed by Byrin Carr in the attorney's handling of a case by Carr against the City of Enid Police Department. Respondent was Carr's attorney for that purpose. The Trial Panel of the Professional Responsibility Tribunal, after a hearing on April 4, 1986, recommended that the complaint be dismissed.

Upon full review we concur and order that the Complaint, Amended Complaint, and Second Amended Complaint be dismissed.

The charges against respondent essentially are that he let the statute of limitations run on Carr's suit against the police. A civil suit filed in the U.S. District Court for the Western District of Oklahoma resulted in a ruling that the statute had run, and that ruling was upheld in the 10th Circuit on appeal.

Carr was arrested August 1, 1979, and again September 28, 1979 by the Enid Police Department. At a February, 1980 hearing on those charges they were ordered dismissed. The OBA complaint alleged that Carr retained respondent in late spring or early summer of 1980 to file a civil rights suit against the City and others and that on September 28, 1980 the Statute of limitations ran without any action having been brought.

The Trial Panel, however, found that respondent was retained in the summer or early fall of 1980, that the exact date was immaterial, and that because Carr had made no claim within 120 days of his arrest any action against the City of Enid for false arrest was barred. This portion of the finding appears to be legally incorrect in light of our holding in *Willbourn v. City of Tulsa,* 721 P.2d 803, 805 (Okl.1986), that the remedy provided by 42 U.S.C. § 1983 may be available even if the state remedy is barred by the statute of limitations under the Political Subdivision Tort Claims Act.

The OBA charged, and the U.S. District Court so found, that the suit respondent filed on October 27, 1980 as a Section 1983 Civil Rights Action, was barred by the one year statute of limitations found in 12 O.S. § 95(4). The 10th Circuit Court of Appeals affirmed. The Trial Panel found, however, as a matter of law that the proper statute of limitations was two years and that the action was timely filed.

In order to properly analyze this case, it is necessary to look at what Federal District Judge and the Circuit Court of Appeals ruled. All parties agree that on Octo-

ber 27, 1980, respondent filed a civil action in the United States District Court of the Western District of Oklahoma. Thereafter, on November 14, 1980, Mr. Carr paid the respondent a retainer in the amount of $1500.00 and signed a contract for legal services. The fee contract was for a greater amount than was paid. The defendants filed a motion to dismiss and for judgment on the pleadings with a supporting brief alleging that the statute of limitations was one year thus barring the plaintiff's claim. The United States District Court, on December 31, 1980, ruled that the statute had run and dismissed the action stating:

"In this case, the court and the parties all agree that the applicable statute of limitations is found in 12 O.S. § 95 Fourth, which states civil actions, other than for the recovery of real property, can only be brought within the following periods. After the cause of actions shall have accrued, and not afterwards...."

Fourth. Within one (1) year; an action on a foreign judgment; an action for libel, slander, assault, battery, malicious prosecution, or false imprisonment. *Carr v. City of Enid, et al.,* CIV-80-1222-W.

Then on January 24, 1981, then respondent filed a motion to vacate and to set aside the judgment. In that motion the respondent raised the issue of the federal statute of limitations concerning 42 U.S.C. § 1983.

The OBA complaint alleges that the legal basis for the motion to dismiss was that the federal complaint was couched in terms of false imprisonment and false arrest, was commenced more than one year from the date of the alleged wrongful act, and that the applicable statute of limitations under Oklahoma law for this cause of action was one year pursuant to 12 O.S. § 95 Fourth.

The Panel found that the statute of limitations was and is in fact two years and that the action was filed within the two year period. The report of the Panel also found that the respondent did not stipulate that the statute of limitations was one year as stated in the order of dismissal. The report further found that although the brief submitted by respondent to the trial court was not the best brief that could have been written, nevertheless, it was sufficient to have caused the court to more diligently research the law applicable to 1983 civil rights actions. The Panel found that this was in fact a 1983 civil rights action and was not barred by the one year statute of limitations.

On March 3, 1981, the trial court denied the motion to vacate and set aside judgment. Then the respondent appealed the decision of the trial court to the Circuit Court of Appeals for the Tenth Circuit. Thus, the complaint alleges that the respondent failed to file a notice of appeal from that denial. The complaint further alleges that the Court of Appeals affirmed the trial court ruling; that the Court of Appeals stated that since the federal statute of limitations issue was first raised in the motion to vacate, which was denied and from which notice of appeal was not filed, that the issue would not be considered on appeal; that the Court of Appeals further found that the motion to vacate was not properly brought under Federal Rule Civ.P. 60 and that the motion was one to alter or remand a judgment, which shall be issued no later than 10 days of entry of judgment according to Federal Rule Civ.P. 59; and that the Court of Appeals then found that the motion was untimely brought and stated that it could not consider the issue of the federal statute of limitations which respondent first raised in the motion to vacate, as respondent failed to properly raise that issue by filing a notice of appeal from denial of the district court.

Once again the finding by the Trial Panel is in direct contradiction to allegations of the complaint. It found that the respondent appealed the decision of the trial court to the Circuit Court of Appeals from the Tenth Circuit by filing the proper notice of appeal and docketing statement. The docketing statement raises the issue of statute of limitations and the respondent properly briefed the same. Respondent appeared before the Tenth Circuit Court in Denver, argued the case and did obtain an additional $700.00 for expense from Mr. Carr. But

the $700.00 together with the $1500.00 paid was less than the original agreement for the trial of the case. The Panel then found that the Circuit Court of Appeals affirmed the judgment of trial court primarily because the respondent failed to specifically argue that the two year statute of limitations before the trial court.

The 10th Circuit Court of Appeals has since reversed itself and held that a section 1983 claim, being in essence a claim for personal rights, is governed by the general statute of limitations for injury "to the person or reputation of any person," which in New Mexico's case, was three years. *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984). The U.S. Supreme Court granted certiorari and affirmed in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed. 2d 254 (1985).

It was the finding and conclusion of the Trial Panel that since the allegations concerning the handling of the Carr case were not sustained the allegations to enhance discipline were moot and should not be considered by the Panel.

Specifically, the Trial Panel concluded as a matter of law that the conduct of the respondent and his handling of the Barr case did not violate provisions Canon 1, DR 1–102; Canon 6, DR 6–101(A)(2), and Canon 7, DR 7–101(A)(3) of the Code of Professional Responsibility, nor did he violate any other Canon that would necessitate or require disciplinary action.

We find that the conclusions of the Trial Panel are supported by the clear weight of the evidence for the following reasons: DR 1–102 involves attorney misconduct. Misconduct under this section involves primarily illegal conduct involving moral turpitude, or conduct involving dishonesty, fraud, deceit, or misrepresentation, or conduct that is prejudicial to the administration of justice, or any conduct that adversely reflects on an attorney's fitness to practice law. Here the only criticism that could be lodged

against respondent is that his failure to properly argue before the trial court the two year statute of limitations. However, the Trial Panel disagrees with the Tenth Circuit finding that he did not properly preserve this issue for appeal by filing the proper notice of appeal and docketing statement. It is clear that reasonable minds could and do differ with respect to the respondent's conduct. We find that the respondent's conduct did not rise to the status of misconduct as defined under DR 1–102.

DR 6–101(A)(2) states a lawyer shall not handle a legal matter without preparation adequate in the circumstances. Although the trial panel found that the brief submitted by respondent to the trial court was not the best that could have been written, nevertheless, it was sufficient to have caused the court to more diligently search the law applicable to the statute of limitations of a 1983 civil rights action, and did not constitute a violation of DR 6–101(A)(2). We concur in the finding of the Trial Panel.

DR 7–101(A)(3) states that a lawyer should not intentionally prejudice or damage his client during the course of a professional relationship except as is required under DR 7–102(B).[1] There was no finding by the Trial Panel that the respondent intentionally prejudiced or damaged his client during the course of their professional relationship. We find no evidence in the record which would suggest that there was any intentional prejudice or damage inflicted upon the client of respondent. We find that the allegations of professional misconduct as set forth in the Second Amended Petition are not sustained by the evidence.

## FINDINGS

This court has conducted an independent review of the evidence submitted to the Trial Tribunal. We have considered the

---

1. DR 7–102(B) states:

   A lawyer who receives information clearly establishing that: (1) His client has, in the course of the representation, perpetrated fraud upon a person or Tribunal shall properly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the effected person or Tribunal. (2) A person other than his client has perpetrated fraud upon a Tribunal shall promptly reveal the fraud to the tribunal.

arguments briefed and presented by the complainant and respondent. We find clear and convincing evidence to establish the following:

(1) Respondent is not in violation of the mandatory provisions of Canon 1, DR 1–102.

(2) Respondent is not in violation of Canon 6, DR 6–101(A)(2),

(3) Respondent is not in violation of Canon 7, DR 7–101(A)(3) of the Code of Professional Responsibility.

The Complaint, Amended Complaint and Second Amended Complaint with respect to this respondent should be and are hereby dismissed.

All Justices concur.