Byrin CARR, Appellant,

v.

Michael T. BRASWELL, Appellee.

No. 67742.

Supreme Court of Oklahoma.

April 4, 1989.

Byrin Carr, Enid, pro se.

15. See *Reynolds v. Porter*, note 14, supra.

Larry D. Ottaway, G. David Ross, Oklahoma City, for appellee.

PER CURIAM:

The case presents a procedural question. Our resolution is based on the following facts in the record.

In 1980, appellant engaged appellee, an attorney, to represent him in a civil rights action against the city of Enid Oklahoma, et al. Appellee subsequently filed suit on behalf of appellant in Federal District Court. The action was decided adversely to appellant, when the federal court ruled that appellant's claim was barred by limitations. The judgment of the Federal District Court was affirmed by the United States Court of Appeals for the Tenth Circuit. Appellee also represented the appellant in that appeal. Three months later, appellant Carr had another attorney write a letter to appellee in which Carr alleged the outcome of his action was due to attorney malpractice and demanded a settlement in the amount of $63,709.00. Appellee refused that demand. In the ensuing months, appellant filed a complaint with the Oklahoma Bar Association against appellee and later contacted another attorney to investigate the actions taken, if any, by the Association against appellee Braswell.

Dissatisfied with the results as reported in: *State, ex rel., Oklahoma Bar Association v. Braswell*, Okl., 749 P.2d 100 (1987), appellee filed the instant action in 1986 for attorney malpractice in the District Court of Oklahoma County. Appellee's response to appellant's petition alleged limitations as a defense and concluded with a request, by way of counter claim, for money owed for professional services rendered in the original action in Federal Court. Appellee then filed a motion for summary judgment praying judgment be rendered in his favor. Appellant Carr, now pro se, responded to appellee's motion with a general denial.

A hearing on the appellee's motion for summary judgment was scheduled. The appellant, however, failed to appear and the hearing was rescheduled. The record shows that appellant again failed to appear. That day, the court made the following ruling:

"This matter came on for hearing on September 12, 1986, pursuant to the defendant's motion for summary judgment. The plaintiff did not appear and the defendant was represented by G. David Ross.

After hearing the presentations and argument of defendant's counsel, and upon review of the briefs and discovery materials of record, the Court finds that the defendant's motion should be sustained.

IT IS SO ORDERED, this 12th day of September, 1986."

Appellant Carr subsequently filed a motion to vacate the order of September 12. This motion was denied October 24. The record shows that the appellant was present at this hearing and offered arguments in support of his motion. After hearing the arguments of both sides, the trial court then made a specific finding that Carr had been duly notified of the scheduled date of the hearing on the motion for summary judgment and that he failed to show good cause for his absence. At that time, the Court's order of September 12th was memorialized as a Journal Entry of Judgment. Carr then initiated his appeal to this Court.

Appellee Braswell first filed a motion to dismiss the appeal on the grounds that it was untimely. The motion was denied. The case was then assigned to the Court of Appeals, Div. 4, for disposition.

The Court of Appeals, Div. 4, determined that the trial court was correct in denying the motion to vacate and affirmed the trial court's ruling. However, the Court of Appeals remanded the cause for further proceedings based on its reasoning that the trial court's ruling was correct only because there was no final judgment in existence to vacate, but simply an interlocutory order sustaining a motion. Appellee's petition for cetiorari was granted. We reject the reasoning of the Court of Appeals on the legal effect of entering an order which sustains a motion for summary judgment, vacate the opinion, and finding no abuse of discretion in the trial court's order refusing

to vacate the summary judgment, affirm that court's ruling in all respects.

## I.

We see no appreciable difference in the legal result when a trial court states specifically that summary judgment is entered in favor of a movant, versus its order that a motion for summary judgment be sustained. Both are final orders in the true sense: for in this case they are final dispositions of the rights of the parties, based on the merits, and preclude the unsuccessful party from proceeding further in trial. *Emerson v. Lewis*, Okl., 274 P.2d 529 (1954). As such, an order granting a motion for summary judgment is appealable. The finality of such an order is especially evident when, as here, that order is memorialized as a Journal Entry of Judgment. *Mayhue v. Mayhue*, Okl., 706 P.2d 890 (1985).

It is to be here emphasized that when trial judges sustain a motion for summary judgment, they should also render formal judgment in favor of the prevailing party. Lawyers who prepare the written journal entry of judgment should recite *both* the ruling on the motions *and* that *formal judgment is rendered* in favor of the party in whose favor the motion for summary judgment is sustained. The minute entered in the case should then reflect both the sustention of the motion and the fact that judgment was rendered in favor of plaintiff or defendant accordingly.

## II.

■ An appeal from the trial court's order of September 12, 1986, is untimely. That order affected appellant's substantial rights and prevented him from obtaining a judgment in his favor; *Jinks v. Braly*, 202 Okl. 581, 216 P.2d 581 (1950); and the time to commence an appeal from that decision began to run the day the order was pronounced from the bench and communicated to the parties. 12 O.S.Supp.1988, Ch. 15, App. 2, Rule 1.11(a); *Presbyterian Hospi-*

*tal, Inc., v. Board of Tax–Roll Corrections of Oklahoma County*, Okl., 693 P.2d 611 (1984). Appellate jurisdiction over the September 12 order was lost when appellant failed to file a petition in error to that ruling within thirty days of rendition. *In re Estate of Caldwell*, Okl., 692 P.2d 1380 (1984). However, an appeal to review the correctness of the court's decision on the motion to vacate was timely. *Yery v. Yery*, Okl., 629 P.2d 357, 363 (1981). Resolution of this appeal is consequently restricted to a review of the trial court's decision on the motion to vacate judgment. The standard we apply on such review is that the order on the motion to vacate will be affirmed if there is no abuse of discretion by the trial court. *Kennett–Murray & Co., a Division of Kennett–Murray Corp. v. Pawnee National Bank*, Okl., 656 P.2d 267 (1982); *Burroughs v. Bob Martin Corporation*, Okl., 536 P.2d 339 (1975).

■ The record supports the trial court's decision refusing to grant appellant's motion to vacate its order sustaining appellee's motion for summary judgment. In his answer to the appellant's complaint, appellee essentially did two things. First, appellee alleged that limitiations had run on appellant's claim if one had existed. Affidavits and exhibits attached to the various pleadings showed that the appellant was aware of his alleged claim no later than May 18, 1983, the day his letter demanding a malpractice settlement was sent.[1] Second, appellee alleged, by way of counterclaim, that there were funds still owed him as a result of appellee's representation of the appellant in his suit in Federal District Court and asked that judgment on that alleged debt be granted in appellee's favor. However, an examination of appellee's motion for summary judgment together with exhibits and affidavit attached, fail to mention the alleged unpaid fee, nor do we find any verified material supporting summary judgment upon this unliquidated claim, nor do we find any mention thereof in the brief filed in this Court. Therefore, we can only conclude this counter-claim

---

1. Appellant's objection the motion for summary judgment was directed solely to the limitations question, arguing only that limitiations should have been tolled during the time the Bar Association was acting on his complaint.

was abandoned. There is no abuse of trial court discretion shown by this record.

Accordingly, the opinion of the Court of Appeals, Div. 4, is VACATED and the judgment of the District Court is REINSTATED in all respects.

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs by separate opinion.

OPALA, Vice Chief Justice, concurring.

I fully concur in today's judgment and in the court's opinion, but I write separately to stress that the minute and journal entry of an order that sustains a motion for summary judgment *should show that judgment was rendered and should include the terms of that judgment.*[1]

When the case is terminated because the judge finds no material fact issue to be in genuine controversy, the decision is spoken of in lawyers' parlance as one that grants a party's motion for summary judgment. A far better practice is to characterize the ruling as one that *pronounces summary judgment* and to set out its specific terms. Instead of saying, for example, merely that "plaintiff's or defendant's motion for summary is granted," the minute and journal entry should go further and show "summary judgment to the defendant providing that plaintiff recover nothing", or "summary judgment to the plaintiff for _____" (here the blank space should contain the amount of money adjudged or recite an award for possession of specifically described property, real or personal).

---

1. The principles of summary judgment practice counseled by today's opinion manifest a close conceptual affinity to those which governed under the now-repealed Code of Civil Procedure, 12 O.S.1971 §§ 1 et seq., when a *nisi prius* court found, either *on motion or sua sponte,* that the pleadings in the case raised no issues of fact to be tried. A question of law would then arise as to which party was entitled to judgment. Once that party was identified, *judgment on the pleadings* would follow and be rendered as a matter of law. *Mires v. Hogan,* 79 Okl. 233, 192 P. 811, 815 [1920].